EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* RAMÓN PASTRANA, acusado y apelante.

Núm. 6065.—*Sometido:* Enero 14, 1937. *Resuelto:* Enero 22, 1937.

*Juan Valldejuli Rodríguez,* abogado del apelante; *R. A. Gómez, Fiscal,* abogado de El Pueblo, apelado.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del tribunal.

El fiscal del distrito formuló acusación contra Ramón Pastrana imputándole la comisión de un delito de ataque para cometer asesinato consistente en haber acometido y agredido ilegal, voluntaria y maliciosamente, con un instrumento punzo-cortante y con la deliberada intención de darle muerte, al ser humano José B. Caso, el día 8 de abril de 1934 y en la municipalidad de San Juan, infiriéndole varias heridas de carácter grave.

Alegó el acusado que era inocente y solicitó juicio por jurado. Celebrado el juicio fué declarado culpable de acometimiento y agresión grave. La corte lo condenó a seis

meses de cárcel. No conforme, apeló. Señala en su alegato cinco errores. Por el primero sostiene que el veredicto es contrario a la evidencia y por los otros cuatro, de los cuales argumenta sólo tres, que la corte de distrito admitió indebidamente determinada prueba.

█ Nos referiremos primero a los señalamientos que versan sobre la admisión de prueba.

Declaró el agredido Dr. José B. Caso y después de haber explicado lo ocurrido y descrito las heridas que le infiriera el acusado, reconoció como la que tenía puesta en el momento de la agresión una chaqueta que le presentó el fiscal, explicando cómo los agujeros que tenía coincidían con las heridas. El fiscal ofreció en evidencia la chaqueta y la corte la admitió con la oposición de la defensa formulada como sigue:

"Me opongo, y el fundamento es que la chaqueta no forma parte del *corpus delicti* ni es evidencia esencial ni se ha demostrado que estuviera en las mismas condiciones que está, ni se ha demostrado quién tuviera a su cargo esa evidencia ni qué vicisitudes haya tenido esa evidencia, y además porque es inmaterial."

No hubo error. Dada la amplia declaración del agredido y la prueba pericial practicada luego, pudo quizá El Pueblo prescindir de la evidencia de que se trata. Pero ello no quiere decir que fuera inmaterial. Tratándose de una acusación por atentado a la vida tal vez pensó el fiscal al ofrecerla poner de manifiesto el grado de fuerza que tuvo que ejercer el acusado para perforar la chaqueta y penetrar con el instrumento punzo-cortante que empleara hasta el cuerpo de la víctima. En cuanto a la identificación, parece suficiente lo que declarara el perjudicado. De todos modos, de haberse cometido algún error, no se ha demostrado que tenga el carácter de perjudicial en grado tal que pueda servir de base para la revocación de la sentencia.

█ Se opuso la defensa a que los testigos Binita Caso y Tomás J. Llorens declararan sobre determinados hechos anteriores al suceso y sobre otras circunstancias que tendían

a demostrar el móvil que impulsara al acusado a cometer el delito. También sobre ciertas manchas que el testigo Llorens, Jefe de la Policía de Santurce, observara frente a la casa del agredido.

No hubo error en cuanto a los antecedentes y al móvil. Por lo que respecta a los antecedentes, bastará recordar que se trataba de una acusación en que el Pueblo venía obligado a probar la intención de asesinar para sostener su calificación del delito. Y por lo que respecta al móvil, sabido es que no es necesario probarlo, pero sabido es también que ello no quiere decir que no pueda probarse si se cuenta con evidencia suficiente para ello.

En cuanto a la mancha lo que dijo el jefe de policía Llorens fué que a la entrada del portón del garage de la familia Caso "vi unas manchas de sangre, a mi juicio." Como la defensa solicitara su eliminación, el fiscal preguntó al testigo: "¿Por qué dice usted 'a mi juicio'?" Y el testigo contestó: "A mi juicio es que yo entendía que aquéllas eran manchas de sangre." La corte declaró sin lugar la eliminación. Dados los términos del dicho del testigo y sus circunstancias personales, no creemos que hubo error, y si lo hubo que no fué perjudicial.

El primer señalamiento es el que se discute con mayor énfasis. Se cita extensamente y se comenta por el apelante la evidencia practicada. Es contradictoria. Tiende la del Pueblo a demostrar que hallándose en su casa el Dr. Caso fué avisado de que alguien lo procuraba, que salió y fué agredido por el acusado produciéndole una herida, que se trabó entonces una lucha entre ambos, resultado Caso con siete heridas entre ellas varias de carácter grave. La del acusado admite la lucha pero tiende a establecer que el primero en la agresión fué Caso y que lo que hizo el acusado fué defenderse. El jurado decidió el conflicto en contra del acusado declarándolo culpable no del delito grave que se le imputara sino de uno menos grave en él necesariamente comprendido. Nada demuestra pasión, prejuicio,

parcialidad o manifiesto error. A nuestro juicio de nada puede quejarse el acusado, habiendo recibido el beneficio de la duda en cuanto a la intención de cometer asesinato que le imputara el fiscal.

*Debe declararse sin lugar el recurso y confirmarse la sentencia apelada.*

Los Jueces Asociados Señores Wolf y Córdova Dávila no intervinieron.