CHARLES F. PENNINGTON, peticionario, *v.* CORTE DE DISTRITO DE MAYAGÜEZ, HON. FRANCISCO NAVARRO ORTIZ, JUEZ, demandada.

Núm. 371.—*Sometido:* Abril 8, 1942. *Resuelto:* Abril 20, 1942.

*José Sabater*, abogado del peticionario; el Juez demandado contestó por escrito.

EL JUEZ PRESIDENTE SEÑOR DEL TORO emitió la opinión del tribunal.

Se pide la expedición de un auto·de *mandamus* contra la Corte de Distrito de Mayagüez ordenando a su juez el sobreseimiento de la causa que por acometimiento y agresión se siguiera contra el peticionario en la corte municipal y llegara en apelación a la de distrito.

De los autos resulta que en julio once, 1941, el jefe de distrito de la Policía Insular, Primitivo Casiano, juró una denuncia en la Corte Municipal de Mayagüez contra Charles F. Pennington, el peticionario, imputándole el hecho de haber acometido y agredido a puñetazos a Atherton Lee ese mismo día, o sea un delito de acometimiento y agresión. Al pie de la denuncia aparece lo que sigue:

"Tes. Atherton Lee, Res. Estación Experimental, Minnie Burjess, K. A. Bartlett, W. R. Bailey, y C. Alemar, Res. en la Estación Experimental de Mayagüez, P. R."

Celebrado el correspondiente juicio, la corte municipal dictó sentencia en julio 19, 1941, declarando culpable al acusado y condenándole a cuarenta dólares de multa.

Apeló Pennington para ante la corte del distrito, radicándose los autos en la misma en septiembre 23, 1941. El juicio fué señalado para noviembre 28, 1941 y la corte lo suspendió con la oposición del acusado a petición del fiscal basada en la falta de un testigo.

Señalado el juicio nuevamente para marzo once, 1942, el acusado, el seis de dicho mes, presentó una moción solicitando el sobreseimiento del proceso porque desde que apeló—julio 19, 1941—habían transcurrido ocho meses menos trece días sin que el juicio se hubiera celebrado, no habiendo él ocasionado la dilación.

La vista de la moción se señaló también para el once de marzo y oídas ambas partes, la corte la declaró sin lugar. Fué entonces que el acusado presentó su solicitud de mandamus ante esta Corte Suprema.

Al oponerse la corte del distrito a la concesión del auto, acompañó copia certificada por el taquígrafo de lo ocurrido en la vista de la moción de sobreseimiento. Llamada la moción, hicieron algunas manifestaciones alrededor de la misma el juez y el acusado, continuando y terminando los procedimientos, como sigue:

"Sr. Fiscal Interino: El Ministerio Público se ve obligado a oponerse, por entender este fiscal que este caso es uno de los que de justa causa reseña el inciso 2 del artículo 448 del Código de Enjuiciamiento Criminal; entendiendo este fiscal que no puede haber mejor justa causa en este caso específico, ya que el supuesto agredido, que lo es Mr. Atherton Lee, por razones que han estado fuera de su control y fuera de su deseo y voluntad, ha tenido que aceptar cargos de responsabilidad de carácter diplomático, cuestiones diplomáticas, y se encuentra en la actualidad viajando por Sur América; y nos parece que ese hecho real y que a nosotros, tanto a la Hon. Corte como al distinguido compañero de la defensa nos consta, nos parece más que suficiente para justificar la justa causa, de acuerdo con el inciso 2 del artículo 448 del Código de Enjuiciamiento Criminal. Puedo hacer constar, además, que tan pronto regrese Mr. Lee, quien también tiene interés en este asunto, podrá verse el caso.

"Lic. Sabater: Si Mr. Lee, por cualquier razón de su empleo se ausentare periódicamente de Puerto Rico y no viene, ¿no cree que la justa causa tuviere sometido siempre al acusado?

"Hon. Juez: Bueno, siempre no podrá tenerlo.

"Lic. Sabater: Yo quiero hacer constar que Mr. Lee estuvo todo el mes de diciembre y hasta el otro día en la ciudad de Mayagüez. Yo lo que deseo es que Mr. Pennington, quien es el acusado en este caso y se encuentra presente, como siempre lo ha estado, declare ante la corte sobre este extremo.

"Hon. Juez: Es innecesario, ya que ésa es una moción de carácter legal.

"Lic. Sabater: De que ha transcurrido el término legal, de eso no hay duda.

"Hon. Juez: Cuando el fiscal tiene un testigo esencial, que lo es aquí el agredido Mr. Lee, estando ausente contra su voluntad representando al gobierno de los Estados Unidos, como está hoy en Guatemala en una misión diplomática, yo quiero que me diga el compañero si eso es o no justa causa. La corte ha sido informada no solamente por el Fiscal del Distrito, que lo ha hecho constar oralmente, sino también por el testigo Carmelo Alemar, quien es un alto empleado del Gobierno Federal en la Estación Experimental de Mayagüez, que el testigo Mr. Lee, se encuentra actualmente en Guatemala, pero que él estará de regreso a Puerto Rico muy pronto, según carta que le ha escrito y que él se encuentra en una misión diplomática del Gobierno Federal de los Estados Unidos de América, de donde regresará muy pronto para poder asistir a la vista de este juicio. La corte entiende que en un caso de acometimiento y agresión, como el que se imputa al acusado Charles F. Pennington, el testigo principal es el agredido y sin este testigo entiende la corte que el fiscal está justificado en no entrar a júicio porque no se podría probar el delito cometido por el acusado en la hipótesis de que el hecho cometido se hubiere realizado; cree además la corte que este caso no ha sido suspendido viciosamente, ya que no se ha podido traer con motivo de cualquier diligencia al testigo agredido Mr. Lee y que si está contra su voluntad ausente de Puerto Rico cumpliendo deberes oficiales que le hayan sido asignados por el Gobierno de los Estados Unidos de América, con el cual él está empleado en la Estación Experimental de Mayagüez, hay justa causa para no celebrar este caso. Por tal motivo la corte declara sin lugar la moción de sobreseimiento y archivo presentada en este caso, y se suspende nuevamente la vista de este caso; haciendo constar la corte que el acusado ha comparecido a corte las dos veces en que el caso ha sido señalado a los efectos de que tenga esa defensa en su día.

"Lic. Sabater: ¿Podría saberse cuándo será el nuevo señalamiento?

"Hon. Juez: Inmediatamente que llegue Mr. Lee, cualquier fecha que sea.

"Lic. Sabater: Nosotros tomamos excepción de la resolución de la corte."

La ley aplicable está contenida en el art. 448, número segundo, del Código de Enjuiciamiento Criminal, que dice: "A menos que exista justa causa contraria, el tribunal decretará el sobreseimiento del proceso en los siguientes ca-

sos: . . 2. Cuando un acusado, cuyo juicio no haya sido transferido a petición suya, no sea sometido a juicio en el término de ciento veinte días, a contar desde la presentación de la acusación.''

Desde 1916,—*Dyer* v. *Rossy*, 23 D.P.R. 772—se ha venido aplicando ese precepto legal a las causas apeladas para ante las cortes de distrito en las cuales se celebra un nuevo juicio, computándose el término a partir de la fecha en que se radican los autos en la dicha corte.

Sobre el hecho de que transcurrió el término de ciento veinte días con exceso, no hay cuestión. Sólo queda abierta a discusión la existencia de la justa causa para la suspensión del juicio.

Conocemos lo ocurrido. No hay duda alguna de que la ausencia del perjudicado pudo ser motivo suficiente para la suspensión, de haberse cumplido con los requisitos que la jurisprudencia exige en tales casos. En la citada decisión de *Dyer* v. *Rossy*, 23 D.P.R. 772, 785, hablando esta corte por medio de su juez asociado Sr. Wolf, dijo:

"En el caso de *Ford* v. *Superior Court*, 118 P. 96, 99, supra, se establecen las reglas para una moción sobre suspensión, como sigue: 'Tres cosas son necesarias para suspender un juicio: primero, que el testigo sea realmente esencial (*material*) y así parece a la corte; segundo, que la parte que hace la solicitud no haya sido culpable de negligencia; y tercero, que pueda conseguirse al testigo en la fecha para la cual ha sido suspendido el juicio.' En otras palabras, deberá probarse la esencialidad (*materiality*). 6 R.C.L. 556, 74 Am. Dec. 147.

"Nuestro propio Código de Enjuiciamiento Civil expresa la ley.

" 'Artículo 202.—Una moción para transferir un juicio por falta de prueba, sólo puede hacerse mediante declaración escrita y jurada demostrando la importancia esencial (*materiality*) de la prueba con que se cuenta, y que se ha praticado la debida diligencia para obtenerla. La corte podrá también exigir al solicitante que exprese mediante declaración escrita y jurada, las pruebas que espera conseguir . . .' ''

Y aquí el fiscal no probó que el testimonio del perjudicado fuera esencial y no pudiera sustituirse por alguno o algunos de los otros testigos que figuran al pie de la acusación y que pudieron presenciar tal vez la comisión del delito.

Tampoco demostró su diligencia. Por el contrario surge de lo alegado por el acusado e intentado probar sin que la corte le diera la oportunidad de hacerlo, que de haber sido diligente el fiscal, el juicio pudo celebrarse cuando el perjucado regresó a la isla antes de su última ausencia.

█ Y por último el nuevo señalamiento quedó en lo incierto dependiendo del regreso del perjudicado a la isla en fecha que no pudo precisarse, y ello es contrario al derecho al juicio rápido que a todo acusado garantiza la ley.

*Debe expedirse el auto en forma definitiva y perentoria.*

El Juez Asociado Sr. Travieso no intervino.