El Pueblo de Puerto Rico, demandante y apelado, *v.* Marcelino Herrera Cabrera y Francisco Morales, acusados y apelantes.

Núm. 11730.—*Sometido:* Enero 13, 1947. *Resuelto:* Marzo 7, 1947.

*Luis Mercader,* abogado del apelante; *Hon. Procurador General Interino Luis Negrón Fernández* y *Joaquín Correa Suárez, Fiscal Auxiliar del Tribunal Supremo,* abogados de El Pueblo, apelado.

EL JUEZ ASOCIADO SEÑOR TODD, JR., emitió la opinión del tribunal.

Los apelantes fueron convictos por un jurado de un delito de hurto mayor y sentenciados a cumplir un año de presidio.

La acusación en este caso fué radicada ante la Corte de Distrito de Arecibo el día 18 de abril de 1940 y el día 29 del mismo mes y año se procedió a dar lectura de la misma habiendo alegado los acusados ser inocentes y solicitado juicio por jurado. No fué hasta más de cuatro años después, o sea, el 16 de mayo de 1944, que se llamó el caso para juicio. Antes de dicho día (del récord no aparece la fecha exacta) el acusado Marcelino Herrera redactó personalmente y radicó en corte una moción solicitando el archivo y sobreseimiento del caso por no haberse celebrado el juicio dentro de los ciento veinte días que provee el artículo 448 del Código de Enjuiciamiento Criminal.

Al ser llamado el caso para juicio, el juez *sua sponte* llamó la atención de que se había presentado dicha moción y el abogado, nombrado de oficio, de los acusados Marcelino Herrera y Francisco Morales, entonces hizo constar que también presentaba dicha moción en cuanto al otro acusado Morales. La corte entonces dijo: "Tiene que ser por escrito y notificadas al fiscal. Esta que se presentó tampoco está notificada al fiscal; de manera que la voy a declarar sin lu-

gar. Tiene que notificarse con cinco días de antelación al fiscal.'' El abogado anotó su excepción y entonces ocurrió lo siguiente:

"La Corte hace constar que el acusado Marcelino Herrera redactó una moción de archivo sin notificación al fiscal, firmada por el propio acusado; que el otro acusado Francisco Morales no ha presentado moción alguna y que el abogado pretende presentarla ahora verbalmente. Que la Corte entiende que las mociones de archivo deben ser por escrito, radicadas y notificadas al fiscal días antes de la vista, aun cuando pueden presentarse y discutirse el mismo día de la vista, porque de lo contrario el fiscal no estaría preparado para demostrar que hubo causa justificada para demorar el proceso.

"* * * * * * *

"Abogado Sr. Mercader: Pedimos la reconsideración porque el Tribunal Supremo acaba de resolver últimamente que estas mociones se pueden pedir y presentar en el momento de la vista y oralmente, y hacemos constar que está aquí el fiscal presente.

"Hon. Juez: No he dicho que no puedan discutirse el mismo día de la vista. He dicho que deben ser notificadas antes de la vista. El Fiscal necesita estar preparado para demostrar si hubo alguna suspensión o motivo justificado.

"Abogado Sr. Mercader: Excepción."

El primer error señalado por los apelantes en este recurso es el cometido, a su juicio, por la corte inferior al declarar sin lugar la moción de archivo y sobreseimiento. El fiscal de esta Corte en su alegato se allana a la revocación solicitada por los apelantes por este motivo y a nuestro juicio procede.

■■ Uno de los acusados, Herrera, radicó su moción de sobreseimiento varios días antes del día señalado para el juicio y tanto él como el otro acusado, Morales, fueron defendidos por un abogado nombrado de oficio quien hizo extensiva la misma moción al acusado Morales. Bajo estas circunstancias no vemos qué perjuicio podía causarse al fiscal tener que presentar prueba de la justa causa que hubiera podido existir para no haber celebrado el juicio dentro del término legal ya que dicha prueba se refería al mismo caso.

Esto no obstante, la corte, *motu proprio,* desestimó la moción de plano, sin que aparezca del récord que el fiscal siquiera hubiera hecho objeción alguna.

La moción del acusado Herrera, aun cuando no fué notificada al fiscal, fué presentada a tiempo. Si como alega el apelante, y admite el fiscal en su alegato, el abogado defensor fué nombrado de oficio, dicho letrado estuvo justificado en hacer extensiva la moción del acusado Herrera al acusado Morales. Lo que no hubo fué justificación y prueba para demostrar la justa causa que pudo existir para que un caso de hurto mayor estuviera pendiente de juicio ante la corte inferior durante más de cuatro años. Y esa prueba correspondía presentarla al fiscal.

Por las razones expuestas, *se revoca la sentencia apelada y devuelve el caso para que la corte inferior oiga la moción de archivo y sobreseimiento y si no se demostrare que hubo justa causa para la dilación, la declare con lugar, y en caso contrario celebre un nuevo juicio.*