EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.*
JAIME ALBERTO PÉREZ SUÁREZ, acusado y apelante.

*Número:* 17073.   *Resuelto:* 1 de septiembre de 1961.

*S. L. Lagarde Garcés, Amadeo Nazario Janer* y *José Rafael Gelpí,*
abogados del apelante; *J. B. Fernández Badillo,* Procurador
General de Puerto Rico y *Nilita Vientós Gastón,* Procurador
General Auxiliar, abogados de El Pueblo, apelado.

Sala integrada por el Juez Presidente Sr. Negrón Fernández como Presidente de Sala y los Jueces Asociados señores Blanco Lugo y Dávila.

PER CURIAM: El Fiscal de Distrito de Mayagüez presentó acusación contra el acusado-apelante en 6 de agosto de 1959 imputándole el delito de ataque para cometer asesinato. Se señaló la vista del caso para el día 18 de noviembre del mismo año, pero el ministerio fiscal solicitó la suspensión debido a la incomparecencia del perjudicado, quien para dicha fecha aún se encontraba recluido con motivo de las lesiones sufridas por mor de la actuación del acusado. Cuando la solicitud de suspensión se formuló, el abogado del apelante se encontraba en sala y no opuso reparo alguno. El acusado estaba en el edificio del Tribunal, pero no estuvo presente cuando se llamó el caso. El juez de instancia instruyó al fiscal para que determinara la fecha en que el perjudicado podía comparecer, y así poder hacer el señalamiento. Efectivamente, al ser éste dado de alta, se señaló la vista para el 13 de enero de 1960. El jurado trajo un veredicto de acometimiento y agresión grave y se le impuso al acusado una sentencia de dos años de cárcel.

De los errores señalados en el recurso de apelación interpuesto solamente discutiremos el que se refiere a la negativa del tribunal a ordenar el archivo y sobreseimiento del caso por haber transcurrido más de 120 días entre la fecha de la presentación de la acusación—6 de agosto de 1959—y la de la vista—13 de enero de 1960. Se reduce a determinar si medió justa causa para la suspensión del señalamiento de 18 de noviembre.

El acusado fundamenta su solicitud en lo resuelto en *Pennington* v. *Corte*, 60 D.P.R. 260 (1942), en el cual reiteramos que la ausencia del perjudicado puede ser motivo suficiente para la suspensión siempre que concurran los siguientes requisitos: (a) que el testigo sea realmente esencial y así parezca al tribunal; (b) que quien solicita la suspensión no

haya sido negligente; y (c) que pueda conseguirse al testigo en la fecha para la cual se transfiera la vista. De la breve relación que antecede sobre el curso del procedimiento surge claramente que las circunstancias de ambos casos son distintas. No hay duda de que el testimonio del perjudicado era esencial para establecer el delito imputado de ataque para cometer asesinato, y si alguna duda hubiere de ello, bastaría con leer el testimonio que prestó durante el proceso. Por otro lado, nada podía hacer el fiscal para lograr la comparecencia de dicho testigo, pues su ausencia se debía a que estaba recluido en un hospital. Y finalmente, si bien no se hizo un señalamiento inmediato, tal hecho se hizo depender de la disponiblidad del perjudicado, y como cuestión de realidad, tan pronto se le dio de alta, se procedió con toda diligencia y rapidez a señalar la vista. Además, el abogado del acusado estuvo presente cuando se formuló la petición de suspensión y no se opuso. Bajo tales circunstancias puede interpretarse que en vista de las poderosas razones aducidas por el fiscal, accedió a ello, y renunció por tanto a cualquier beneficio que pudiera cobijarle bajo las disposiciones del artículo 448 del Código de Enjuiciamiento Criminal. Cf. *Pueblo* v. *Díaz*, 60 D.P.R. 540 (1942); *Pueblo* v. *Ortiz*, 51 D.P.R. 379 (1937); *Pueblo* v. *Balzac*, 56 D.P.R. 649 (1940).

Los otros errores señalados[1] no requieren seria con-

---

[1] Dichos errores son los siguientes:

"TERCER ERROR: El Tribunal cometió error de hecho y derecho al permitir prueba de hechos ocurridos el 12 de junio de 1959, y de los cuales no fue parte el acusado aquí apelante.

"CUARTO ERROR: El Tribunal cometió error de hecho y de derecho al admitir tal prueba de hechos ocurridos el 12 de junio de 1959, como móvil en relación con los hechos imputádoles a este acusado, sin presentarse prueba de que el acusado apelante tuviere conocimiento de los mismos, y actuare movido por ellos.

"QUINTO ERROR: El Tribunal cometió error de hecho y derecho al condenar al acusado sin que hubiere prueba de que él era la persona que conducía el vehículo al momento del accidente.

"SEXTO ERROR: El Tribunal cometió error de hecho y de derecho al negarse a transmitir las instrucciones especiales solicitadas y ampliar alguna de las transmitidas según se alegare inmediatamente después de terminar las instrucciones. (Véase pág. 341 T. de E. en adelante.)"

sideración, ya que (a) en cuanto a la prueba cuya admisibilidad se objeta, era admisible para establecer el móvil de los hechos, o sea, el motivo que tuvo el acusado para intentar matar al perjudicado (*Pueblo* v. *Piazza*, 60 D.P.R. 575 (1942); *Pueblo* v. *Marchand Paz*, 53 D.P.R. 671 (1938); *Pueblo* v. *Pastrana*, 50 D.P.R. 843 (1937); (b) la imputación sobre ausencia de prueba al efecto de que el acusado conducía el vehículo con el cual se cometió el delito no tiene base en la transcripción de evidencia, cuya lectura demuestra que tal hecho fue establecido cumplidamente; y (c) en cuanto a la negativa a transmitir ciertas instrucciones y a ampliar otras las primeras estaban obviamente comprendidas en las instrucciones generales (*Pueblo* v. *Fournier*, 80 D.P.R. 390 (1958); *Pueblo* v. *Jiménez*, 78 D.P.R. 7 (1955); *Pueblo* v. *López*, 77 D.P.R. 607 (1955)), y las transmitidas al jurado fueron suficientes y claras.

*Se confirmará la sentencia dictada por el Tribunal Superior, Sala de Mayagüez, en 29 de enero de 1960.*