EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* FIDEL CARRIÓN ROQUE, acusado y apelante.

*Número:* CR-69-13    *Resuelto:* 30 de octubre de 1970

*Raúl Torres González,* abogado del apelante; *J. F. Rodríguez Rivera, Procurador General Interino,* y *Federico Rodríguez Gelpí, Procurador General Auxiliar,* abogados de El Pueblo.

EL JUEZ ASOCIADO SEÑOR TORRES RIGUAL emitió la opinión del Tribunal.

La cuestión fundamental en este caso consiste en si hubo o no justa causa para demorar la celebración del juicio por alrededor de once meses. Como es sabido, la Regla 64(n)(4) de Procedimiento Criminal establece un término de 120 días a partir de la presentación de la acusación para someter a juicio a un acusado, salvo que se demuestre justa causa o que la demora se deba a la solicitud del acusado o a su consentimiento. El peso de demostrar la justa causa recae sobre el Ministerio Público, *Pueblo* v. *Herrera,* 67 D.P.R. 25 (1947), no siendo suficiente para descargarlo meras alegaciones, generalidades o conclusiones. *Pennington* v. *Corte,* 60 D.P.R. 260 (1942); *Pueblo* v. *Pérez,* 36 D.P.R. 853 (1927).

La ausencia de un testigo de cargo esencial ha sido reconocida por la jurisprudencia como justa causa para la demora en la celebración del juicio. *Pueblo* v. *Pérez Suárez,* 83 D.P.R. 371 (1961); *Pennington* v. *Corte,* supra; *Dyer* v. *Rossy,* 23 D.P.R. 772 (1916). Es necesario, sin embargo, que se trate de un testigo realmente esencial, que el Ministerio Público haya sido diligente en obtener la comparecencia del testigo y que pueda conseguirse al testigo en la fecha para la cual

se suspende el juicio. *Pueblo* v. *Pérez Suárez*, supra; *Pennington* v. *Corte*, supra; *Dyer* v. *Rossy*, supra.

En el caso de autos el Ministerio Público adujo precisamente como justa causa la ausencia de un testigo de cargo esencial. A la luz de los principios anteriormente expuestos es que debemos determinar si el tribunal de instancia incurrió o no en error al demorar la celebración del juicio por cerca de once meses.

Los hechos pertinentes a la cuestión son los siguientes:

■ La acusación se presentó el 20 de junio de 1965. Leída la misma, el caso fue objeto de varios señalamientos durante los años de 1965 y 1966, los cuales fueron suspendidos, algunas de las veces a petición del Ministerio Público con el allanamiento del acusado, otras, a solicitud o por causa del propio acusado. [1] No nos detendremos a considerar estas suspensiones. La demora por ellas causadas quedó justificada al allanarse el acusado a las mismas o al éste generarlas. El acusado renunció así afirmativamente a su derecho a un juicio rápido durante el tiempo de dicha demora. *Pueblo* v. *Cepeda*, 31 D.P.R. 489 (1923). No renunció por ello, sin embargo, a ser juzgado más tarde dentro de un término razonable. *Jiménez Román* v. *Tribunal Superior*, 98 D.P.R. 874 (1970); *Morales* v. *Corte*, 55 D.P.R. 886 (1940).

Es a partir de las suspensiones concedidas por el tribunal de instancia con posterioridad al *3 de mayo de 1967* que debemos considerar la justa causa alegada. El Ministerio Público solicitó mediante moción escrita la suspensión de la vista señalada para dicha fecha basándose, como dijimos antes, en la ausencia del principal testigo de cargo. Alegó en dicha moción que este testigo no había comparecido al

---

[1] El juicio fue señalado y suspendido en 29 de septiembre de 1965; 18 de noviembre de 1965; 25 de enero de 1966; 23 de marzo de 1966; 7 de junio de 1966; 1ro. de septiembre de 1966; 8 de noviembre de 1966 y 12 de enero de 1967.

anterior señalamiento del 12 de enero de 1967, razón por la cual se había suspendido la vista del caso y ordenado el arresto de dicho testigo; que había sido diligente en la búsqueda de dicho testigo y que el mismo era realmente esencial y esperaba localizarlo en pocas semanas.

El tribunal de instancia suspendió la vista con la oposición del apelante señalándola de nuevo para el 9 de agosto de 1967, señalamiento que no pudo llevarse a cabo por estar ocupado el tribunal en la vista de otros casos. El apelante insistió en la desestimación de la acusación por haber transcurrido el término de 120 días. El tribunal volvió a señalar el caso para el próximo 1ro. de noviembre. El Ministerio Público solicitó nuevamente la suspensión por falta del alegado testigo esencial. El apelante se opuso a la suspensión e insistió en la desestimación de la acusación. El tribunal volvió a señalar el caso para el próximo 21 de diciembre. Una vez más el fiscal solicitó la transferencia de la vista por no haber podido localizar al testigo. El apelante insistió en su moción de archivo.

Finalmente el Ministerio Público entró a juicio el 20 de marzo de 1968 sin la comparecencia del testigo alegadamente esencial. En dicha vista se limitó meramente a informar al tribunal que estaba listo para ver el caso sin hacer la más mínima referencia a la incomparecencia de dicho testigo. Como era de esperarse, el apelante persistió en su moción de desestimación.

El récord indica que durante alrededor de 14 meses el Ministerio Público obtuvo sucesivas suspensiones bajo la alegación de que no podía entrar a juicio sin dicho testigo, cuyo testimonio no podía ser sustituido por ninguno de los que figuraban en el pliego acusatorio, y, cuya incomparecencia "adquiere caracteres de mayor trascendencia, que ponen en peligro la seguridad de la justicia del Pueblo." No obstante, 14 meses después entró a juicio sin el más leve reparo con la ausencia de dicho testigo.

En verdad, no hay en el récord una sola alegación de hecho que indique el carácter esencial del testigo ausente. La moción de suspensión de 27 de abril de 1968 se limitó sólo a alegar generalidades y meras conclusiones, tales como:

". . . Cuando el Fiscal Especial que suscribe, practicó, con la cooperación de los Jefes de dicha institución penal, la investigación de este caso, se usó al testigo ausente, Sr. Salvador Feliciano Vázquez, como agente encubierto, a fin de obtener prueba testifical, documental y objetiva que pusiera al Pueblo en condiciones de procesar a las personas responsables del acto criminal que se venía cometiendo. Fue el testigo ausente, Sr. Salvador Feliciano Vázquez, quien actuó como tal. *El, y solamente él, es el único que puede declarar ante el Tribunal sobre lo observado por él.* [! ! !] *El referido testigo, y solamente él, es la única persona en el Universo entero que podrá identificar cierta prueba documental que tuvo él en sus manos en el curso de la misión que, como agente encubierto, se le asignó dentro de los límites de la Penitenciaría Estatal; y es el testigo ausente, Sr. Salvador Feliciano Vázquez, él solamente él, quien puede declarar sobre hechos que le constan de propio y personal conocimiento y sobre los cuales no podría declarar otro testigo de los que figuran en el pliego acusatorio, ni ninguna otra persona en el Mundo entero.* Siendo esto así, queda demostrado el hecho de que el testigo ausente resulta ser realmente esencial y queda demostrado la esencialidad, (Materiality), de su testimonio." (Énfasis nuestro.)

No se expresa en dicha moción los hechos que observó el testigo y sobre los cuales habría de deponer en el juicio. Tampoco se especificó la prueba documental que habría de identificar; ni se presentó al tribunal la declaración jurada que usualmente el fiscal toma a los testigos de cargo para demostrar así el alcance e importancia de su testimonio. La determinación de esencialidad en estas circunstancias carecía de toda base en los hechos, ya que la misma descansaba en meras generalidades y conclusiones. *Pennington* v. *Corte*, supra; *Pueblo* v. *Pérez*, supra.

■ El Procurador General arguye en su informe que la condición de esencialidad es relativa al momento y a las circunstancias, que otros testigos y otra prueba pueden desarrollarse en tal forma que suplan lo que le daba al testigo el carácter esencial. Eso es correcto. Pero es que el Ministerio Público nunca expuso ante el tribunal de instancia, ni tampoco lo hace el Procurador ante este Tribunal, que cambio hubo en las circunstancias, si hubo alguno, ni que otro testigo o pruebas se desarrollaron mediante investigaciones posteriores que superaron la ausencia del testigo. El Ministerio Público tenía el deber de notificar inmediatamente al tribunal de instancia cualquier cambio que hubiere habido en el desarrollo de su caso y que alteraran la condición de esencialidad del testigo ausente para que así el tribunal pudiera señalar a la mayor brevedad el caso para juicio. Debe recordarse que el peso de esa prueba recae sobre el Ministerio Público y no sobre el acusado apelante. De lo contrario, se menoscabaría la garantía constitucional a un juicio rápido considerado como uno de fundamental importancia para el acusado. *Jiménez Román* v. *Tribunal Superior*, supra.

Por otro lado, el tribunal de instancia tenía la obligación de considerar con gran detenimiento cada solicitud de suspensión y escudriñar los argumentos del Ministerio Público en un esfuerzo razonable por darle eficacia a la garantía constitucional. Las sucesivas suspensiones del juicio basadas en el mismo fundamento exigían del tribunal de instancia un descargo más riguroso de esta obligación.

En resumen, concluimos que no se demostró justa causa para la demora habida en la celebración del juicio. Siendo ello así, se violó el derecho del apelante a un juicio rápido. *Procede, por lo tanto, dejar sin efecto la resolución recurrida y ordenar la desestimación de la acusación presentada contra el apelante el 20 de junio de 1965.*

En vista del resultado del caso es innecesario considerar los otros apuntamientos del apelante.

El Juez Presidente Señor Negrón Fernández no intervino, al igual que el Juez Asociado Señor Santana Becerra.