EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* MOISÉS ARCELAY GALÁN, acusado y apelante.

*Número:* CR-73-136      *Resuelto:* 11 de septiembre de 1974

410

*J. García Rivera,* abogada del apelante; *Myriam Naveira de Rodón, Procuradora General,* y *Lirio Bernal de González, Procuradora General Auxiliar,* abogadas de El Pueblo.

EL JUEZ PRESIDENTE SEÑOR TRÍAS MONGE emitió la opinión del Tribunal.

Unos hechos sencillos encierran en este caso vitales cuestiones referentes al significado del derecho del acusado a un juicio rápido. Art. II, Sec. 11 de la Constitución del Estado Libre Asociado.

Lá acción comienza con una denuncia al recurrente formulada por su empleada en una farmacia, la Sra. Gómez, por maltratarla de palabras, humillándola ante la clientela presente, en alegada alteración de la paz personal de la perjudicada y del vecindario. (1)

Luego de varias suspensiones que es innecesario discutir se solicitó otra posposición por el ministerio fiscal a base de que la Sra. Gómez, la perjudicada, no estaba disponible para prestar testimonio. Presentó el fiscal un certificado médico exponiendo que la señora Gómez había sido operada recientemente de un oído y que se quejaba de episodios de vértigo que eran parcialmente incapacitantes. No se le informó al tribunal la sustancia del testimonio de la deponente ni la fecha en que ella estaría disponible para asistir a juicio. Se estipuló, no obstante, que estaba a la disposición del tribunal otro testigo, la señora Singer, quien podría declarar por haber presenciado los hechos. El acusado pidió la desestimación del caso por razón de que se estaba violando su derecho a un juicio rápido, pero se hizo un nuevo señalamiento para ciento treinta y tres días a partir de la última suspensión. Derrotada su moción, el acusado no objetó la fecha seleccionada; compareció a juicio; se le condenó al pago de cien dólares de multa; y acude a este Tribunal en apelación.

Las cuestiones centrales que plantea el recurso, entre otras subsidiarias, son: ¿Invocó adecuadamente el acusado su derecho a un juicio rápido o renunció al mismo? ¿Funda-

---

(1) Se invocó la violación del Art. 368 del Código Penal entonces vigente, 33 L.P.R.A., sec. 1439, el cual dispone: "Toda persona que maliciosa y voluntariamente perturbare la paz o tranquilidad de algún vecindario o individuo, con fuertes o inusitados gritos, conducta tumultuosa y ofensiva, o amenazas, vituperios, riñas, desafíos o provocaciones, o que en las calles de alguna ciudad o pueblo, o en las vías públicas disparare algún arma de fuego, o hiciere uso de lenguaje grosero, profano o indecoroso en presencia o al alcance del oído de mujeres o niños, en forma estrepitosa o inconveniente, incurrirá en delito menos grave y será castigada con multa máxima de doscientos dólares, o cárcel por un término máximo de noventa días o ambas penas, a discreción del tribunal."

mentó el fiscal debidamente su petición de suspensión? ¿Era verdaderamente esencial el testimonio de la perjudicada en la situación de autos?

## I

■ La frase "juicio rápido" es un concepto constitucional, entre tantos otros, de contenido determinado en parte y en parte variable o flexible y sujeto a los procesos generales de cambio que afectan el derecho y la ley. El texto de donde proviene el artículo concernido de nuestra Constitución se basa en las disposiciones de la Sexta Enmienda a la Constitución de Estados Unidos y del Art. 2 de la Ley Orgánica de 1917. 4 *Diario de Sesiones de la Convención Constituyente de Puerto Rico*, ed. de 1961, pág. 2569. Ello no significa, sin embargo, que su interpretación esté inexorablemente atada a fuentes federales. El problema se discute recientemente por el Tribunal Supremo de Estados Unidos en *Barker* v. *Wingo*, 407 U.S. 514, 523 (1972), donde el Tribunal rehusa establecer reglas de procedimiento en este campo para los estados federados, a los que deja libres para fijar su definición de juicio rápido en forma consistente con ciertas normas federales mínimas. La amplia discreción local a que apunta *Barker* se subraya en la jurisprudencia de California, precisamente el estado cuya legislación sirvió de modelo inicialmente para la nuestra.([2]) *Sykes* v. *Superior Court of Orange County*, 106 Cal. Reptr. 786 (1973).

Es así como desde hace muchas décadas antes de aprobar Puerto Rico su propia Constitución, contrario a la norma seguida en un gran número de estados, se ha venido exigiendo, so pena de desestimación de la causa, que se someta a juicio al acusado dentro de los ciento veinte días siguientes a la presentación de la acusación o denuncia a menos que se demuestre justa causa para la demora o a menos que la demora

---

([2]) Véase el Art. 368 del Código Penal de California (1937), según modificado, Cal. Penal Code, Sec. 1382 (West, 1970).

se deba a la solicitud del acusado o a su consentimiento. Art. 448 del Código de Enjuiciamiento Criminal de 1902; Regla 64(n)(4) de las de Procedimiento Criminal de 1963. Para la posición tradicional distinta en los estados federados, véase: Notes, *Speedy Trial Schemes and Criminal Justice Delay*, 57 Cornell L.Q. 794, 796–799 (1972).

La posición puertorriqueña sobre este particular ha ido ganando terreno en la legislación y la doctrina. De hecho, estudios recientes sobre el tiempo que debe mediar entre el arresto y el juicio recomiendan términos mucho más cortos que los vigentes en Puerto Rico. Véase: National Advisory Commission on Criminal Justice Standards and Goals, *Courts*, 1973, págs. 68–69. Compárese: A.B.A. *Standards Relating to Speedy Trial, Approved Draft*, 1968, págs. 14–16.

La regla prevaleciente en esta jurisdicción, así como la mencionada tendencia a reformarla y expandirla, tienen una base dual. De un lado, se desea no exponer al acusado a la ansiedad que provoca la incertidumbre que acompaña el inicio de todo proceso penal, o perjudicar su defensa al aumentar la posibilidad de que desaparezcan sus testigos o su memoria se nuble, o prolongar su encarcelamiento si no le ha sido posible prestar fianza. Del otro lado, existe un vigoroso interés social en evitar la demora en los procesos criminales con la consiguiente congestión en los calendarios, tan dañina a los fines de la justicia. La conciencia del gran atraso en los calendarios es lo que provee buena parte del impulso que lleva a las reformas judiciales de 1950 a 1952. La sobrecarga de casos y la demora subiguiente—problemas de que aún sufre nuestra sociedad junto a otras comunidades—era motivo de preocupación para la Convención Constituyente. 3 *Diario de Sesiones* 1595.

El reconocimiento de estos hechos permite encarar desde un ángulo más realista los problemas que plantea el caso ante nos.

En primer término, no es aceptable en Puerto Rico la versión ampliada, en boga en muchas jurisdicciones y sancionada por algunas de nuestras decisiones, de la doctrina de renuncia al juicio rápido. ([3]) En *Pueblo* v. *Martínez Vega*, 98 D.P.R. 946, 951–952 (1970), por ejemplo, se señaló que el acusado se opuso a la suspensión decretada pero que, como ocurrió en el caso de autos, no objetó el nuevo señalamiento, ni hizo solicitud alguna para que se adelantara el mismo, por lo que se decretó que el acusado había renunciado su derecho a la celebración de un juicio rápido. En *Pueblo* v. *Balzac*, 56 D.P.R. 649, 652 (1940), sin embargo, se resolvió que es el fiscal de distrito el que "está obligado a demostrar que el acusado concurrió en forma activa a la suspensión del juicio."

En *Baker* v. *Wingo*, 407 U.S. 514, 527–528 (1972), el Tribunal Supremo de los Estados Unidos critica la versión rígida de la regla de renuncia y afirma que no es en el acusado donde recae la responsabilidad de que se le enjuicie; que "la sociedad tiene interés particular en la celebración de juicios rápidos y que son los representantes de la sociedad los que deben proteger tal interés."

A la luz de lo anterior, resolvemos que la moción de desestimación radicada por el acusado a base de violación a su derecho a un juicio rápido basta para invocar su derecho a un juicio rápido. La no objeción por el acusado del señalamiento efectuado posteriormente no constituyó una renuncia a tal derecho. Se revoca en este sentido la doctrina representada por *Pueblo* v. *Martínez Vega*, 98 D.P.R. 946 (1970). Las renuncias a los derechos constitucionales fundamentales deben ser expresas y no presuntas, así como voluntarias y efectua-

---

([3]) Para la exposición y crítica de la doctrina (*the demand-waiver rule*), véanse: Note, *The Lagging Right to a Speedy Trial*, 51 Va. L. Rev. 1587 (1965); Comments, *Speedy Trial and the Second Circuit Rules Regarding Prompt Disposition of Criminal Cases*, 71 Colum. L. Rev. 1059 (1971).

das con pleno conocimiento de causa. *Pueblo* v. *Morales Romero*, 100 D.P.R. 436 (1972). ([4])

## II

■ Esto nos lleva a examinar ahora si el Ministerio Público siguió el procedimiento adecuado para solicitar la suspensión del caso, lo que produjo su señalamiento ciento treinta y tres días más tarde. En *Pueblo* v. *Carrión Roque*, 99 D.P.R. 362, 366 (1970), señalamos los requisitos mínimos a cumplirse: debe expresarse en la moción del fiscal, cuando se solicite la suspensión del juicio, como aquí, por la ausencia de un testigo esencial, los hechos sobre los cuales habría de deponer el testigo; debe especificarse la prueba documental, si alguna, a identificarse; y debe presentarse la declaración jurada que el fiscal toma usualmente a los testigos de cargo para que el juzgador pueda aquilatar el alcance y la importancia del testimonio. Es sobre el fiscal que recae el peso de demostrar que existe justa causa para la demora, *Dyer* v. *Rossy*, 23 D.P.R. 772, 783-4 (1916); *Pueblo* v. *Herrera*, 67 D.P.R. 25 (1947); *Pueblo* v. *Carrión Roque*, supra, 363, y tal peso no puede descargarse con simples generalidades o conclusiones. La ausencia de un testigo de cargo esencial constituye ciertamente justa causa para una suspensión, *Pennington* v. *Corte*, 60 D.P.R. 260 (1942), pero debe ponerse en condiciones al Tribunal de pasar juicio sobre la alegada esencialidad con la debida pormenorización.

La doctrina de *Carrión Roque* halla sólido apoyo, por supuesto, en lo apuntado en la primera parte de esta opinión: la histórica posición de vanguardia de Puerto Rico en precisar el contenido del derecho a un juicio rápido; el significado

---

([4]) En el caso de autos el acusado solicitó que se pospusiese un señalamiento hecho con anterioridad al que es objeto de examen en esta opinión. Esto tampoco constituye, por supuesto, una renuncia a ser juzgado posteriormente conforme a las normas vigentes sobre el derecho a juicio rápido. *Jiménez Román* v. *Tribunal Superior*, 98 D.P.R. 874 (1970).

creciente de este fundamental derecho; el reconocimiento cada vez mayor del rol del Estado en velar por que este derecho se cumpla con la máxima escrupulosidad posible.

■ El examen de los autos en el caso presente revela que no se dio debido cumplimiento a lo dispuesto en *Carrión Roque*. El Ministerio Público descansó fundamentalmente en la inferencia de que siendo la ausente la propia perjudicada, ello de por sí constituía prueba suficiente de la esencialidad del testigo. No le asiste razón. Le correspondía al fiscal probar de modo afirmativo, mediante los pasos prescritos en *Carrión Roque*, que la denuncia era tan solo sostenible, con razonables posibilidades de éxito, por el testimonio de la persona ausente.

## III

Queda, por último, por discutir si, aun en el supuesto de que no cometiese el fiscal el error procesal antes señalado, existió de hecho justa causa para la suspensión discutida.

■ La determinación de lo que constituye justa causa bajo la Regla 64(n) de las de Procedimiento Criminal es por necesidad un problema de definición a realizarse caso a caso, aunque el proceso ha de regirse por las rigurosas normas generales que han pautado el desarrollo del derecho a juicio rápido en Puerto Rico. No se trata simplemente de sopesar intereses, como ocurre en ciertas jurisdicciones, con el perjuicio que pueda sufrir el acusado de una parte, entre otros factores, y las necesidades de la sociedad de la otra. Schropp, C. P.: *Right to a Speedy Trial—A Balancing Test,* 58 Cornell L.Q. 399, 408 *et seq.* (1973). La sociedad tiene un interés tan vivo en la pronta tramitación de las causas como los acusados mismos. Como hemos visto, el derecho a juicio rápido es tan beneficioso a unos como a otros y es un derecho que en consecuencia asiste tanto al individuo como a la sociedad. El equilibrio a establecerse es en consecuencia entre intereses del mismo rango, pues cuando se socava el derecho individual al

juicio rápido se atenta a la vez contra los propios intereses comunales.

La determinación de justa causa en esta instancia se reduce a precisar si el testimonio de la perjudicada, la Sra. Gómez, era de hecho indispensable para probar la falta de alteración a la paz. El Ministerio Público se ampara en que es el fiscal quien gobierna su caso y que es a él a quien le toca inicialmente decidir qué testigos son esenciales. Ambas aseveraciones son en principio ciertas, pero es igualmente correcto que la esencialidad tiene que demostrarse inequívocamente a satisfacción de los tribunales y que las facultades del fiscal no rebasan el ámbito de la protección constitucional del acusado.

El delito de alteración a la paz tiene dos modalidades: la alteración de la paz pública y la particular de una persona. En el caso de autos se imputaron ambas en un solo cargo, lo cual es permisible. *Pueblo* v. *Collazo*, 20 D.P.R. 203, 204 (1914); *Pueblo* v. *Ramos García*, 92 D.P.R. 396, 398 (1965). Puede condenarse a un acusado, sin embargo, tan sólo por una de las dos modalidades. *Pueblo* v. *Rivera Flores*, 87 D.P.R. 328 (1963). La prueba de una alteración de la paz en cualquiera de sus modalidades alegadas es suficiente para sostener el proceso. *Pueblo* v. *Ways*, 29 D.P.R. 334 (1921). Cabe preguntar entonces si el control de sus casos por el fiscal en situaciones como la presente es de tal orden que puede forzar la suspensión de un juicio aun cuando exista evidencia disponible para probar otra modalidad comparable del delito.

La cuestión es de sumo interés, pero estimamos que no es necesario intentar trazar en este litigio las fronteras precisas de los complejos intereses envueltos. En el caso de autos, estaba disponible al fiscal el testimonio de la Sra. Singer, quién presenció los hechos. El estado de ánimo de una persona puede probarse mediante la declaración de otra. *Pueblo* v. *Martell Cajigas*, 88 D.P.R. 636 (1963). Ante estos hechos se hace aún más evidente que correspondía al fiscal

demostrar convincentemente las razones para insistir en que testificase la perjudicada cuando los elementos del delito imputado eran presuntamente probables con el testimonio de otro testigo.

En vista de lo expuesto *se revoca la sentencia apelada y se desestima la denuncia.*