# 2008 DTA 90

**TRIBUNAL DE APELACIONES
REGIÓN JUDICIAL DE CAGUAS
PANEL AT LARGE**

PUEBLO DE PUERTO RICO
Peticionario

v.

JORGE A. RODRÍGUEZ SOTO
Recurrido

Núm. KLCE-2008-00639

San Juan, Puerto Rico, a 10 de julio de 2008

Panel integrado por su Presidente, el Juez Arbona Lago,
el Juez Salas Soler y la Juez Cotto Vives

Arbona Lago, Juez Ponente

## TEXTO COMPLETO DE LA SENTENCIA

### Antecedentes

Por hechos ocurridos el 28 de septiembre de 2007 en la carretera núm. 52, km. 22.9 del Municipio de Caguas, [1] el 27 de noviembre de 2007, el Tribunal de Primera Instancia, Sala Superior de Caguas (TPI), encontró causa probable contra el Sr. Jorge A. Rodríguez Soto (Sr. Rodríguez) por infracción al Art. 7.02 de la Ley Núm. 22 de 7 de enero de 2000, según enmendada, conocida como *"Ley de Vehículos y Tránsito de Puerto Rico"*, 9 LPRA sec. 5202 (Manejo de vehículos de motor bajo los efectos de bebidas embriagantes). (Ap. del peticionario, pág. 45.) Contra el Sr. Rodríguez no se fijó fianza y la vista en su fondo quedó pautada para el 10 de diciembre de 2007.

Mediante *"Moción Informativa"* presentada el 5 de diciembre de 2007, la defensa solicitó el reseñalamiento del juicio, puesto que no se había provisto el término mínimo de 20 días para preparar su defensa según prescribe la Regla 109 (a) de Procedimiento Criminal, 32 LPRA Ap. II, R. 109 (a). (Ap. del peticionario, pág. 43.) Atendido ello, el juicio quedó pospuesto para el 23 de enero de 2008. (Ap. del peticionario, pág. 42.)

El 23 de enero de 2008 comparecieron ante el TPI ambas partes, pero la defensa solicitó la suspensión, pues aún no había culminado el descubrimiento de prueba. [2] El juicio fue transferido para el 27 de febrero de 2008. (Ap. del peticionario, pág. 35.)

Así las cosas, el 14 de febrero de 2008, la defensa instó *"Moción de Desestimación y Supresión de Evidencia"*. Adujo, en síntesis, que el resultado de la prueba de aliento practicada al Sr. Rodríguez constituía evidencia ilegalmente obtenida, puesto que *"el Reglamento concerniente con la utilización del Intoxilyzer 5000 nunca ha sido preparado, ni radicado ante el Departamento de Estado y la Biblioteca Legislativa según lo requiere la Ley 22 y la Ley 170 [Ley de Procedimiento Administrativo Uniforme]."* (Ap. del peticionario, págs. 18-19.) La defensa apoyó su contención en dos certificaciones emitidas por los referidos organismos gubernamentales. (Ap. del peticionario, págs. 33-34.)

El 19 de febrero de 2008, notificada el 22 de igual mes y año, el TPI concedió al Ministerio Público un término de 5 días para contestar. (Ap. del peticionario, pág. 16.) El 26 de febrero de 2008, el Ministerio Público solicitó prórroga para exponer y mediante Orden dictada el 7 de marzo de 2008, notificada el 10 de mismo mes y año, el TPI concedió prórroga *"hasta el 10 de marzo de 2008 improrrogable."* (Ap. del peticionario, pág. 14.)

Entretanto, el acto de juicio pautado para el 27 de febrero de 2008 fue suspendido debido a que la prueba de cargo estaba incompleta. Surge de la Minuta que la fiscal informó que la Agente María J. Ramos Mercado se encontraba *"en gestiones en cuanto a la Regla 95 en este caso."* (Ap. del peticionario, pág. 13.) Instancia transfirió la vista en su fondo para el 26 de marzo de 2008, sin oposición de la defensa. *Ibid.*

El 26 de marzo de 2008 tanto la defensa como el Ministerio Público comparecieron. El TPI determinó discutir la moción de desestimación y supresión de evidencia instada por la defensa previo a celebrar el juicio pautado. De la Minuta de dicha vista, transcrita el 31 de marzo de 2008, surge lo siguiente:

*"El Ministerio Público solicita tiempo para contestar la moción de desestimación y de supresión de evidencia solicitada por la defensa.*

*Las partes se reúnen en el estrado.*

*El Ministerio Público solicita que se refiera el asunto de la supresión a otra sala.*

*Cada una de las partes argumenta en defensa de su planteamiento.*

*Las partes se reúnen en el estrado.*

*Se concede un turno posterior para las 2 pm.*

***Reanudados los procedimientos no comparece el representante del Ministerio Público, ni el acusado, ni la defensa.***

*El Tribunal declara **HA LUGAR** la solicitud de la defensa.*

*Se señala **Juicio** para el **2 de abril de 2008 a las 9:00am en la Sala 405.** Para esa fecha, el Ministerio Público deberá informar si cuenta con prueba adicional."* (Énfasis en el original.) (Ap. del peticionario, págs. 11-12.)

Llamado el caso el 2 de abril de 2008 comparecieron en Sala el acusado, la defensa, el Ministerio Público y la Agente María J. Ramos Mercado. Según se desprende de la minuta, el TPI informó que *"[l]as partes no están preparadas para el ver el caso."* (Ap. del peticionario, pág. 1.) Considerando que se trataba del último día para la celebración del juicio, Instancia decretó la desestimación de la causa bajo el palio de la Regla 64 (n)(4) de Procedimiento Criminal, 32 LPRA Ap. II, R. 64 (n)(4), por haber excedido el plazo de 120 días dispuesto para la celebración del acto de juicio.

Habida cuenta de lo anterior, el 8 de mayo de 2008, el Pueblo de Puerto Rico, representado por el Procurador General, presentó la causa de marras, con los siguientes señalamientos:

***"A. Erró el Honorable Tribunal de Primera Instancia al resolver que se habían violentado los términos de juicio rápido y desestimar la denuncia al amparo de la Regla 64(N)(4) de Procedimiento Criminal.***

***B. Erró el Honorable Tribunal de Primera Instancia al ordenar la supresión del resultado de la prueba***

*de aliento que le fuera practicada a Jorge A. Rodríguez Soto, en virtud de la alegada inexistencia de un reglamento válido que regule la utilización del Intoxilyzer 5000-EN."* (Énfasis en el original.)

El 30 de junio de 2008, el recurrido presentó *"Contestación a Petición de Certiorari"*, quedando sometida la causa. Con el beneficio de los escritos de ambas partes procedemos a disponer.

### Exposición y Análisis

#### I

El primer señalamiento atañe lo relativo al archivo del caso por violación a los términos de juicio rápido.

La Constitución del Estado Libre Asociado de Puerto Rico garantiza que todo acusado disfrutará del derecho a un juicio rápido y público. Artículo II, Sección 11; *Pueblo v. Cartagena Fuentes,* 152 DPR 243, 248-249 (2000); *Pueblo v. Miró González,* 133 DPR 813, 817 (1993). Más aún, la jurisprudencia ha interpretado que tal derecho se activa al momento que el imputado del delito es detenido o está sujeto a responder. En otras palabras, el proceso criminal da inicio cuando un magistrado determina que existe causa probable para arrestar, citar o detener a una persona, para que responda por la comisión de un delito en específico. *Pueblo v. Guzmán Meléndez,* 161 DPR 137, 152 (2004); *Pueblo v. Carrión,* 159 DPR 633 (2003); *Pueblo v. Valdés et. al.,* 155 DPR 781, 788 (2001); *Pueblo v. Santa Cruz,* 149 DPR 223 (1999).

El alcance del derecho a juicio rápido, según consagrado en términos generales en la Constitución, está específicamente delimitado en las disposiciones de la Regla 64(n) de Procedimiento Criminal, *supra*, que establece algunos términos que rigen las etapas del período entre la detención del ciudadano hasta el momento de su juicio. En estricta concordancia a ello es que la Regla 64(n) de Procedimiento Criminal, *supra*, establece los términos que rigen las etapas de la cadena procesal acusatoria, fechas que corren simultáneamente, teniendo como punto de partida el momento del arresto o detención del imputado para la presentación de la acusación, así como para la celebración de la vista preliminar cuando se trata de delitos graves.

Conforme a la Regla 64(n)(4) de Procedimiento Criminal, *supra*, una acusación o denuncia puede ser desestimada cuando *"...el acusado no fue sometido a juicio dentro de los ciento veinte (120) días siguientes a la presentación de la acusación o denuncia."*

No obstante lo anterior, el derecho a un juicio rápido es relativo y no absoluto. Es decir, a pesar de que se trata de una garantía constitucionalmente protegida, el término de 120 días establecido en las Reglas de Procedimiento Criminal no es inconsistente con alguna demora, cuando ésta no es ni intencional ni opresiva, por lo que se puede entender que medió justa causa para ella. *Pueblo v. Rivera Tirado,* 117 DPR 419 (1986).

Por ende, para determinar si el derecho a juicio rápido ha sido infringido, el Tribunal Supremo de Puerto Rico ha establecido criterios a ser examinados a la luz de la totalidad de las circunstancias de cada caso, ya que dicho análisis no debe descansar exclusivamente en una regla inflexible de tiza matemática, circunscrita por un calendario, impidiendo así el balance de todos los intereses en juego. Tales preceptos son: (1) la duración de la tardanza, (2) las razones para la dilación, (3) si el acusado invocó o reclamó oportunamente el derecho a juicio rápido, y (4) el perjuicio resultante de la tardanza, si alguno. Ninguno de estos factores es determinante en la adjudicación del reclamo; el peso que a cada uno se le confiera está supeditado a las demás circunstancias relevantes que el tribunal viene obligado a examinar. *Pueblo v. Santa Cruz, supra,* a la pág. 239.

Es también norma reiterada en esta jurisdicción que una **dilación mínima o la mera inobservancia del término no necesariamente resulta en una violación al derecho a juicio rápido. Tampoco conlleva la desestimación de la denuncia o de la acusación.** *Pueblo v. Candelaria,* 148 DPR 591 (1998). Consecuentemente, es indiscutible que el remedio de la desestimación es extremo y debe concederse

únicamente después de haberse llevado a cabo un análisis de los criterios antes discutidos, ante los hechos que cada causa presente.

Por otro lado, es ampliamente conocido que el derecho a juicio rápido puede ser renunciado por el acusado. *Rabell Martínez v. Tribunal Superior*, 101 DPR 796 (1973). Tal renuncia debe ser expresa, voluntaria y con pleno conocimiento de causa. *Pueblo v. Rivera Arroyo*, 120 DPR 114 (1987).

La normativa antes enunciada ha sido ampliada por nuestro más alto foro al enunciar que **el acusado también renuncia a su derecho a juicio rápido cuando no presenta objeción oportuna a un señalamiento de juicio para una fecha posterior al vencimiento de los términos estatuidos en la Regla 64(n),** *supra.* *Pueblo v. Santi Ortiz*, 106 DPR 67 (1977). **Además, cuando vencido los términos de juicio rápido el acusado no presenta la moción de desestimación, al menos el día último del vencimiento, renuncia también a su derecho de juicio rápido.** *Pueblo v. Rivera Arroyo, supra*, a la pág. 120.

Cuando se renuncia a este derecho constitucional, el Estado no debe esperar un período de tiempo irrazonablemente largo para juzgar al acusado. *Pueblo v. Carrión Roque*, 99 DPR 362, 364 (1970).

Por último, precisa recordar que cuando la suspensión de la vista preliminar o del juicio es por justa causa o por un motivo atribuible al imputado, los términos de juicio rápido comienzan nuevamente a decursar desde dicha fecha de suspensión. Por ello es medular equilibrar los reclamos de violación del derecho a un juicio rápido con las circunstancias propias de cada caso y los intereses involucrados a la luz de los criterios antes expuestos.

De la concatenación de eventos antes reseñados se desprende que el término de 120 días de la Regla 64 (n) (4) comenzó a transcurrir el 27 de noviembre de 2007 (causa probable para arresto), por lo que vencía el 26 de marzo de 2008.

El primer señalamiento de juicio, pautado para el 10 de diciembre de 2007, se suspendió debido a que no se había provisto al acusado el tiempo mínimo para preparar su defensa conforme lo dispone las Reglas de Procedimiento Criminal. El 23 de enero de 2008 se decretó la suspensión del segundo señalamiento a instancia de la defensa. La suspensión de la vista celebrada el 27 de febrero de 2008 estuvo motivada por justa causa, atendido que la prueba de cargo estaba entonces incompleta. *Pueblo v. Cartagena Fuentes, supra.*

Finalmente, el señalamiento para el 26 de marzo de 2008 se vio interrumpido por la discusión de la moción de supresión de evidencia incoada por la defensa, lo que obligó a recalendarizar el juicio para el 2 de abril de 2008, sin que la defensa impugnara este nuevo señalamiento, por considerarlo fuera del plazo de juicio rápido.

Tampoco surge del expediente que la defensa argumentara que tal dilación le ocasionara algún perjuicio. A la luz de la totalidad de las circunstancias que informa la causa de marras, entendemos que el recurrido entonces renunció a su derecho a juicio rápido. Por otro lado, consideramos que una extensión de 7 días no se traduce en detrimento para la defensa del recurrido, puesto que no se ha demostrado directamente o por inferencia razonable que la extensión del plazo sea resultado de una acción concertada del Estado con la intención de entorpecer la adecuada defensa del acusado.

Por lo tanto, no se violó el derecho a juicio rápido del recurrido, por lo que procede la celebración del juicio. Se cometió el error apuntado.

## II

Réstanos por atender el segundo señalamiento en el que se impugna la supresión del resultado de la prueba de aliento practicada al recurrido.

Conforme lo antes expuesto, el 26 de marzo de 2008 se celebró una vista en la que estaba supuesta a discutirse la moción de supresión de evidencia incoada por la defensa. De la minuta trasciende que el Ministerio Público solicitó término adicional para presentar su posición y que el asunto de la supresión fuera referido a otra sala para su disposición. Consta de la minuta que Instancia concedió turno posterior para las 2:00 PM para discutir el asunto, pero que una vez reanudados los procedimientos, ni la defensa ni el Ministerio Público comparecieron, por lo que el TPI procedió a declarar con lugar la moción de supresión. (Ap., págs. 11-12.)

Como dijimos, dicha determinación fue dictada en corte abierta el 26 de marzo de 2008, reducida a escrito el 31 de marzo de 2008 y finalmente se emitió una Resolución al efecto el 9 de abril de 2008, notificada el 15 de igual mes y año. (Ap. del peticionario, págs. 2-4.)

Tres días más tarde, el 18 de abril de 2008, el Ministerio Público compareció ante el TPI mediante *"Moción Solicitando Corrección de Minuta de Fecha de 26 de Marzo de 2008"* en la que expuso, en lo atinente, lo siguiente:

*"1. Que en fecha 26 de marzo de 2008 se celebró en la sala 405 la vista sobre la Moción de Desestimación y Supresión de Evidencia en la que el Fiscal Rafael F. Robert Sánchez representó a El Pueblo de Puerto Rico. Terminada la discusión por ambas partes, el honorable Tribunal **señaló para las 3:00 PM** para notificar el dictamen sobre la moción discutida.*

*2. **El Fiscal Rafael F. Robert Sánchez, a eso de las 2:45 PM y estando en la sala 405 con el Fiscal Edmanuel Santiago Quiles en espera que se abriera la sesión, fue informado por la secretaria de sala 405 que se le estaba solicitando en la 403. Se le indicó a la secretaria de la sala 405 que se le informara a la Honorable Juez Camila Jusino de la sala 405 de que el Fiscal Rafael F. Robert Sánchez estaría en la sala 403 para que diera un turno posterior en el caso de epígrafe.** El Honorable Tribunal abrió la sesión y el Fiscal Edmanuel Santiago le informó que el Fiscal Robert Sánchez estaba en la sala 403 y no empece a ser informado y tampoco estando presente el acusado ni el Lcdo. Ramón Figueroa, el Honorable Tribunal declaró Con Lugar la Moción de Desestimación y Supresión de Evidencia. El Fiscal Edmanuel Santiago le indicó al tribunal que se notificara la resolución para revisar al Honorable Tribunal."* (Énfasis nuestro.) (Ap. del peticionario, pág. 5.)

Como puede apreciarse, surge una contradicción respecto a la hora en que Instancia pautó el turno posterior para discutir la moción de supresión. Un examen de la minuta advierte que dicho turno se estableció para las 2:00 PM y que ninguna de las partes compareció, mientras que el Ministerio Público alega que el turno se señaló para las 3:00 PM, que acudió a la Sala 405 oportunamente, pero que fue requerido en la Sala contigua y que de ello se notificó a la secretaria de Sala 405.

Ante dichas alegaciones del Ministerio Público, el hermano foro de Instancia debió pautar vista para dilucidar los planteamientos y discutir en sus méritos la moción de supresión de evidencia. Debido a tales circunstancias y aunque la hora correcta fuera las 2:00 p.m., el TPI debió atender el asunto a las 3:00 p.m.

Como se sabe, aunque los Tribunales de Instancia poseen poder y discreción para impartir las órdenes y sanciones que entiendan prudentes para agilizar y dar finalidad a los pleitos ante sí, tal poder no deberá nunca abstraerse del ámbito de lo razonable ante todas las variantes que el ejercicio de la profesión obliga a la defensa como al Ministerio Público. Véase, 32 LPRA Ap. III, R. 34. La razonabilidad deberá guiar a los Tribunales a un fin justiciero. *García v. Padró*, 165 DPR ___ (2005), **2005 JTS 110**.

Recordemos que la justicia no se alcanza sólo con la intervención del Tribunal. Nuestro sistema es uno que requiere de la activa intervención e interrelación de los demás actores, en este caso el Ministerio Público y defensa, pues ambos son parte medular de la función judicial.

Por lo tanto, entendemos que el TPI incidió al acoger la moción de supresión de evidencia en medio de una vista en la que reinó cierto grado de confusión, que de alguna forma incidió adversamente en los derechos de las partes para exponer respecto a la supresión de evidencia planteada, previo a que el TPI dispusiera del asunto en sus méritos. Se cometió el error señalado. Procede, por tanto, que con prioridad en el calendario de Sala, el TPI señale una vista para la discusión de la moción de supresión de evidencia.

## Dictamen

Conforme a lo expuesto, expedimos el auto de *Certiorari* solicitado y revocamos las resoluciones recurridas que ordenan la supresión de la evidencia y el archivo del caso por violación a los términos de juicio rápido. Se devuelve el caso al hermano foro de Instancia para la continuación de los procedimientos de manera compatible y de conformidad con lo anteriormente resuelto.

Lo acordó y manda el Tribunal y lo certifica la Secretaria.

Lcda. María Elena Pérez Ortiz
Secretaria del Tribunal de Apelaciones

**ESCOLIOS 2008 DTA 90**

**1.** De la denuncia surge que el Sr. Rodríguez se sometió voluntariamente a la prueba de aliento y el instrumento (Intoxilyzer 500-EN) registró un .119% de alcohol en su organismo. (Ap. del peticionario, pág. 45.)

**2.** El 27 de diciembre de 2007, la defensa presentó ante Instancia una moción al amparo de la Regla 95 de Procedimiento Criminal, 32 LPRA Ap. II, R. 95. (Ap. del peticionario, págs. 38-41.)