Versión para imprimir



EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| El Pueblo de Puerto Rico<br><br>        Recurrido<br><br>                    v.<br><br>William Thompson Faberllé<br><br>        Peticionario | Certiorari<br><br>2010 TSPR 237<br><br>180 DPR ____ |
| --- | --- |

Número del Caso: CC-2009-409

Fecha: 30 de diciembre de 2010

Tribunal de Apelaciones:

        Región Judicial de Bayamón Panel VI

Juez Ponente:        Hon. José Miranda de Hostos

Abogado de la Parte Peticionaria:

                Lcdo. Javier H. Jiménez Vázquez

Oficina del Procurador General:

                Lcda. Zaira Z. Girón Anadón
                Subprocuradora General

Materia: Art. 122 del Código Penal

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

El Pueblo de Puerto Rico

      Recurrido

        v.

                          CC-2009-409

William Thompson Faberllé

      Peticionario

Opinión del Tribunal emitida por el Juez Asociado señor MARTÍNEZ TORRES.

En San Juan, Puerto Rico, a 30 de diciembre de 2010.

Se nos solicita la revisión de una sentencia del Tribunal de Apelaciones emitida el 30 de marzo de 2009, que confirmó un dictamen del Tribunal de Primera Instancia, Sala de Bayamón. En su resolución, el foro primario declaró sin lugar una moción de desestimación que presentó el peticionario William Thompson Faberllé al amparo de lo resuelto en Pueblo v. Camacho Delgado, Op. de 27 de octubre de 2008, 2008 T.S.P.R. 174, 2008 J.T.S. 193, 175 D.P.R. ___ (2008).

En ese caso determinamos que la desestimación por incumplimiento con los términos de

enjuiciamiento rápido establecidos en la Regla 64(n)(5) de Procedimiento Criminal, 34 L.P.R.A. Ap. II, representa el fin del proceso, requiriéndose el inicio de otro con una nueva vista bajo la Regla 6, 34 L.P.R.A. Ap. II, antes de procesar a una persona por el mismo delito grave.

Mediante recurso de certiorari, el peticionario nos solicita que revoquemos al Tribunal de Apelaciones y desestimemos la acusación en su contra. Pide que demos aplicación retroactiva a esta norma para hacerla valer en su caso, que se encontraba en etapa de juicio plenario ante el Tribunal de Primera Instancia al momento de resolverse Pueblo v. Camacho Delgado, supra.

Por entender que ninguno de los foros inferiores dio debida consideración al hecho de que en Pueblo v. Camacho Delgado, supra, se precisaron los contornos de importantes derechos constitucionales del acusado, revocamos.

I

Tras hechos ocurridos el 23 de mayo de 2007, el Ministerio Público presentó una denuncia contra el Sr. William Thompson Faberllé por violación del Art. 122 del Código Penal de Puerto Rico, 33 L.P.R.A. sec. 4750 (agresión agravada). Posteriormente, el 21 de mayo de 2008, el Tribunal de Primera Instancia desestimó la acusación porque se violaron las disposiciones sobre juicio rápido de la Regla 64(n)(4) de Procedimiento

Criminal, _supra_, al no celebrarse el juicio dentro de los 120 días posteriores a la presentación de la acusación.

Conforme a la práctica vigente en aquel momento, el Ministerio Público presentó una nueva acusación sin que se realizara una vista de causa probable para arresto ni una vista preliminar adicional a las celebradas antes de la acusación desestimada. La nueva lectura de acusación tuvo lugar el 23 de julio de 2008.

El juicio plenario comenzó el 8 de septiembre de 2008. Cuarenta y nueve días después, y antes de que culminara el juicio en su fondo, resolvimos _Pueblo v. Camacho Delgado_, _supra_. El señor Thompson Faberllé solicitó que se aplicara la nueva interpretación de la Regla 64(n) a su caso. El 21 de enero de 2009 pidió en corte abierta que se desestimara la segunda acusación en su contra por no haberse celebrado una nueva vista bajo la Regla 6 de Procedimiento Criminal, _supra_, luego de desestimada la primera acusación, conforme _Pueblo v. Camacho Delgado_, _supra_. Sostuvo su solicitud por escrito el 10 de febrero de 2009 bajo el fundamento de que el Ministerio Público carecía de autoridad para presentar la segunda acusación porque no había obtenido autorización previa de un magistrado, y por extensión, falta de jurisdicción por parte del tribunal. El Ministerio Público presentó su moción en oposición el 11 de febrero de 2009.

El Tribunal de Primera Instancia, Sala de Bayamón, no acogió los planteamientos del señor Thompson Faberllé. El 20 de febrero de 2009 concluyó que el hecho de que el Ministerio Público descansara en una norma que estuvo vigente por décadas y que se revocó luego de que se presentara la segunda acusación contra el peticionario, le impedía conceder el remedio solicitado.

El Tribunal de Apelaciones también falló en contra del peticionario en una resolución publicada el 30 de marzo de 2009. Arguyó que "una actitud de mesura judicial" le requería dar efecto prospectivo a la norma de Pueblo v. Camacho Delgado, supra. De esa determinación recurrió el peticionario ante nos, el 26 de mayo de 2009, mediante recurso de certiorari.

En su alegato, el señor Thompson Faberllé destaca que este Tribunal ya había aplicado la interpretación de Pueblo v. Camacho Delgado, supra, retroactivamente, en Pueblo v. Pérez Pou, Op. de 14 de enero de 2009, 2009 T.S.P.R. 5, 2009 J.T.S. 8, 175 D.P.R.___ (2009), a pesar de que se encontraba pendiente de trámites judiciales.

Por su parte, el Ministerio Público argumenta en su alegato que no procede la aplicación retroactiva de la norma de Pueblo v. Camacho Delgado, supra, porque no es de rango constitucional. Señala que se trata de una norma de derecho procesal penal cuya nueva interpretación representa un claro rompimiento con la norma predecesora, que tenía 41 años de vigencia, y en la cual el Ministerio

Público había confiado al momento de proceder en contra del peticionario.

El Estado subraya que este Foro tiene la discreción de determinar cuándo una norma judicial aplicará retroactiva o prospectivamente. Invita a que limitemos la aplicación de Pueblo v. Camacho Delgado, supra, a casos futuros y a los estén a tiempo para presentarse, o en los que ya se hubiera presentado una moción de desestimación porque no se celebró vista de causa para arresto luego de la desestimación bajo la Regla 64(n), supra, como ocurrió en Pueblo v. Pérez Pou, supra.

El 13 de noviembre de 2009 expedimos el auto. Con el beneficio de los alegatos de ambas partes, procedemos a resolver.

## II

La Sexta Enmienda de la Constitución de Estados Unidos y el Art. II, Sec. 11, de la Constitución de Puerto Rico reconocen el derecho de todo acusado a tener un juicio rápido. Este derecho tiene un propósito dual: vindicar el derecho constitucional del acusado y, al mismo tiempo, el derecho de la sociedad a que se juzgue sin demora a quienes violentan sus leyes. Pueblo v. Rivera Tirado, 117 D.P.R. 419, 431-433 (1986); García v. Tribunal Superior, 104 D.P.R. 27, 31 (1975); Pueblo v. Arcelay Galán, 102 D.P.R. 409, 414 (1974).

Desde la perspectiva del acusado, el juicio rápido tiene el propósito de: (a) prevenir su detención opresiva

y perjuicio; (b) minimizar sus ansiedades y preocupaciones; y (c) reducir las posibilidades de que su defensa se afecte. Pueblo v. Rivera Tirado, supra, pág. 432.

Desde la perspectiva de la sociedad, el enjuiciamiento rápido pretende, entre otras cosas, evitar: (a) la congestión indebida de casos; (b) que personas bajo fianza, en espera de juicio, delincan nuevamente; (c) o evadan la jurisdicción mientras están en libertad provisional; (d) que la tardanza entre el arresto y el castigo tenga un efecto negativo en la rehabilitación; (e) condiciones carcelarias inadecuadas, por detenciones preventivas innecesarias, que tampoco contribuyen a la rehabilitación; y (h) toda detención excesiva antes del juicio, que en sus múltiples efectos sociales y económicos, representa una pérdida para la sociedad. Pueblo v. Rivera Tirado, supra, págs. 432-433.

En Puerto Rico, el derecho constitucional a enjuiciamiento rápido se instrumenta a través de la Regla 64(n) de Procedimiento Criminal, supra. Esta regla provee unos términos que sirven de guía para fijar el tiempo que debe transcurrir entre las diferentes etapas del proceso en contra de un acusado.

Al interpretar esta regla, resolvimos en Pueblo v. Ortiz Díaz, 95 D.P.R. 244, 247-248 (1967), que una vez se desestima una denuncia o acusación por violación a los términos de enjuiciamiento rápido contenidos en la Regla

64(n) de Procedimiento Criminal, _supra_, resulta "innecesario e inoficioso" volver a los procedimientos preliminares de vista para la determinación de causa probable. Razonamos que estábamos ante un defecto subsanable con la presentación de una nueva acusación o denuncia bajo la Regla 66 de Procedimiento Criminal, 34 L.P.R.A. Ap. II, porque se trataba de los mismos cargos y los mismos acusados.

Ésa fue la norma que siguió la jurisprudencia, hasta que la interpretación sobre los efectos por una desestimación bajo la Regla 64(n), _supra_, comenzó a cambiar con _Pueblo v. Carrión Rivera_, 159 D.P.R. 633 (2003). En ese caso interpretamos que la desestimación por la violación a los términos de rápido enjuiciamiento supone "la caída de los cargos" contra el acusado y da por terminada la acción penal. _Pueblo v. Carrión Rivera_, _supra_, pág. 643.

El resultado de esta nueva interpretación se vio en _Pueblo v. Camacho Delgado_, _supra_. En ese caso concluimos que era impropio utilizar la Regla 66 de Procedimiento Criminal, _supra_, para las desestimaciones por violación al derecho de enjuiciamiento rápido. Se instruyó desde entonces que el procedimiento posterior a una primera desestimación por incumplir con la Regla 64(n) debe regirse por la Regla 67 de Procedimiento Criminal, 34 L.P.R.A. Ap. II.

La Regla 67 de Procedimiento Criminal, supra, especifica que puede comenzarse un nuevo procedimiento por el mismo delito siempre que el defecto sea subsanable y no se trate de un delito menos grave. En nuestro ordenamiento, el procedimiento criminal inicia con la determinación de causa probable para citar o arrestar por parte de un juez. Pueblo v. Rivera Martell, Op. de 22 de abril de 2008, 2008 T.S.P.R. 64, 2008 J.T.S. 84, 173 D.P.R. ___ (2008); Pueblo v. Miró González, 133 D.P.R. 813, 819 (1993).

Así, Pueblo v. Camacho Delgado, supra, concluyó que luego de una desestimación por violación al derecho a enjuiciamiento rápido, es necesario reiniciar el proceso con una nueva determinación de causa probable para arresto bajo la Regla 6 de Procedimiento Criminal, supra, antes de que se presente la segunda acusación por el mismo delito grave.

En el caso de epígrafe, el peticionario solicita, con oposición del Ministerio Público, que demos efecto retroactivo a esta nueva norma judicial. Conviene repasar, entonces, la doctrina sobre la retroactividad de las decisiones judiciales.

III

La prohibición de leyes *ex post facto*, por sus propios términos, aplica a estatutos, reglamentos, reglas, ordenanzas municipales, entre otros, pero no a la interpretación que de ellos hagan los tribunales. E. L.

Chiesa Aponte, Derecho procesal penal de Puerto Rico y Estados Unidos, 1ra. Ed., Colombia, Editorial Forum, 1992, Vol. II, sec. 19.4, pág. 564. Sin embargo, las *leyes penales* tendrán efecto retroactivo mientras beneficien al imputado, acorde con el principio de favorabilidad que se recoge en el Art. 9 del Código Penal, 33 L.P.R.A. sec. 4637.[1]

En el caso de *decisiones judiciales* relacionadas a *derecho penal sustantivo*, es el debido proceso de ley lo que impide su aplicación retroactiva si (1) altera la definición de un delito; (2) brinda una nueva interpretación a un estatuto de manera que expone al acusado a una ofensa que era imprevista al momento de los hechos; (3) si se aplica a eventos que ocurrieron antes de publicarse la opinión; (4) o si coloca al ofensor en una posición de desventaja frente a la interpretación

---

[1] El Art. 9 del Código Penal lee: "La ley penal tiene efecto retroactivo en lo que favorezca a la persona imputada de delito. En consecuencia, se aplican las siguientes normas:

(a) Si la ley vigente al tiempo de cometerse el delito es distinta de la que exista al procesar al imputado o al imponerle la sentencia, se aplicará siempre la ley más benigna.

(b) Si durante el término en que la persona está cumpliendo la sentencia entra en vigor una ley más benigna en cuanto a la pena o a la medida de seguridad o al modo de ejecutarlas, se aplicará retroactivamente.

(c) Si durante el término en que la persona está cumpliendo la sentencia entra en vigor una ley que suprime el delito, o el Tribunal Supremo emite una decisión que despenalice el hecho, la pena quedará extinguida y la persona liberada, de estar recluida o en restricción de libertad.

En estos casos los efectos de la nueva ley o de la decisión judicial operarán de pleno derecho."

anterior. R. B. McNamara, <u>Constitutional Limitations on Criminal Procedure</u>, Suplemento 2010-2011, Thompson Reuters/West, Junio 2010, sec. 1.4. Sin embargo, se aplican retroactivamente si resuelven que determinada conducta está inmune de castigo, expanden una defensa del acusado o restringen la pena por determinado delito. <u>Pueblo v. González Cardona</u>, 153 D.P.R. 765, 770-771 (2001); Chiesa Aponte, <u>op cit</u>., pág. 564.

En cuanto a las *normas jurisprudenciales* sobre *derecho procesal penal*, se ha hecho la distinción entre las que gozan de rango constitucional y las que no. A las interpretaciones judiciales que proveen al acusado una defensa de rango constitucional se les ha conferido aplicación retroactiva en los casos que al momento de publicarse la norma no haya advenido una sentencia final y firme. <u>Pueblo v. González Cardona</u>, <u>supra</u>, pág. 774.

Nuestra postura sobre la retroactividad de la norma jurisprudencial de carácter penal ha estado ligada íntimamente a las normas adoptadas por el Tribunal Supremo Federal. <u>Pueblo v. González Cardona</u>, <u>supra</u>, pág. 771. Hemos seguido esta tendencia, incluso, en situaciones que no estábamos obligados a hacerlo, porque trataban de asuntos de derecho constitucional puertorriqueño y no federal. J.J. Álvarez González, <u>Derecho constitucional de Puerto Rico y relaciones constitucionales con los Estados Unidos</u>, 1ra. Ed., Bogotá, Colombia, Editorial Temis, 2009, pág. 41.

El Tribunal Supremo Federal ha transformado su normativa sobre la aplicación retroactiva de las decisiones judiciales a través de los años y ha recurrido a diferentes criterios para determinar su vigencia temporal. Sin embargo, la jurisprudencia más reciente invita a que se le dé aplicación retroactiva a aquellas interpretaciones judiciales en casos criminales cuya sentencia no haya advenido final y firme, o que se encuentren en proceso de revisión directa. Johnson v. United States, 520 U.S. 461, 467 (1997); Griffith v. Kentucky, 479 U.S. 314, 328 (1987); B.S. Shannon, The Retroactive and Prospective Application of Judicial Decisions, 26 Harv. J. L. & Pub. Pol'y 811, 820-821 (2003); McNamara, op cit., sec 1.4.

IV

Cuando se publicó nuestra Opinión en Pueblo v. Camacho Delgado, supra, el caso de epígrafe se encontraba en etapa de juicio plenario. Aún no ha advenido sentencia final y firme. Acorde con la jurisprudencia y doctrina citada, resulta forzoso concluir que le es de aplicación la norma que establecimos en ese caso. Se trata de la interpretación judicial de una norma de rango constitucional porque redefine los contornos de un derecho exaltado por nuestra jurisprudencia como uno de los valores constitucionales más importantes en el ámbito penal. Pueblo v. Camacho Delgado, supra.

Además, debemos recordar que el derecho a enjuiciamiento rápido está constitucionalmente reconocido y el remedio que se ha provisto, la desestimación, también goza de fuerza constitucional. "Si el planteamiento de juicio rápido progresa en el Tribunal de Primera Instancia, el remedio, por supuesto, es la desestimación. Esto no sólo surge del derecho estatutario, sino también de la naturaleza de la violación del derecho invocado", Chiesa, op cit., pág. 137.

Por otro lado, el Art. II, Sec. 7, de la Constitución de Puerto Rico señala que ninguna persona será privada de su libertad o propiedad sin el debido proceso de ley. Esta cláusula extiende la protección constitucional a los derechos concedidos mediante legislación procesal. O. E. Resumil, Derecho procesal penal, New Hampshire, Equity, 1990, Tomo 1, sec. 3.7, pág. 26. Por consiguiente, como las Reglas 64(n) y 67 de Procedimiento Criminal, supra, son la vía estatutaria para implementar el remedio de la desestimación, y subsanar la violación a los términos de enjuiciamiento rápido, forman parte del debido proceso de ley al que tiene derecho el acusado.

El Pueblo nos pide que distingamos entre el derecho a juicio rápido y sus componentes, de los efectos de la desestimación, que fue lo que cambió con la interpretación de Pueblo v. Camacho Delgado, supra.

Subraya que el inicio de un nuevo proceso se define estatutariamente y no tiene dimensiones constitucionales. Sin embargo, la interpretación que propone el Ministerio Público pasa por alto que, como mencionamos, una vez se instrumentan derechos procesales de rango constitucional por la vía estatutaria, reciben protección constitucional por la cláusula del debido proceso de ley. La interpretación que hagamos de esos derechos debe recibir el mismo trato.

Por otro lado, para que los tribunales puedan ofrecer remedios a las controversias que se presentan ante sí, es necesario que tengan jurisdicción sobre la persona. La forma en que los tribunales adquieren jurisdicción sobre la persona en los casos criminales es mediante el arresto o citación. Resumil, _op cit._, sec. 6.1, pág. 108. La Constitución de Puerto Rico, Art. II, Sec. 10, requiere que, para proceder con el arresto de una persona, medie una orden judicial.

Ya desde el 2003, en _Pueblo v. Carrión Rivera_, _supra_, habíamos expresado que el efecto de la desestimación bajo la Regla 64(n), _supra_, suponía la terminación de la acción penal. Iniciar una nueva acción con la mera presentación de una acusación, sin pasar por las etapas preliminares, viola el Art. II, Sec. 10, de la Constitución de Puerto Rico, porque se inicia un procedimiento criminal sin que haya mediado una orden de

arresto válida, cónsono con lo resuelto cinco años después en Pueblo v. Camacho Delgado, supra.

No aplicar la nueva interpretación jurisprudencial al caso contra el señor Thompson Faberllé violaría sus derechos constitucionales. De negársele el beneficio de la nueva interpretación judicial, se le obligaría a responder en un proceso cuyo desenlace advendrá luego de que una de las reglas procesales utilizadas ya ha sido declarada como injusta. Véase Op. Particular del Juez Presidente Trías Monge en Pueblo v. Delgado Rodríguez, 108 D.P.R. 196, 203-204 (1978), citando a R.J. Traynor, Quo Vadis, Prospective Overruling: A Question of Judicial Responsability, 28 Hastings L.J. 533 (1977).

Así, nos reiteramos en la norma que establecimos en Pueblo v. González Cardona, supra, cuando adoptamos la tendencia federal de aplicar las interpretaciones judiciales de normas procesales penales que tengan rango constitucional a aquellos casos que al momento de emitirse la opinión no hubiera advenido una sentencia final y firme.

Como bien plantea el Ministerio Público, en materia de interpretación de las reglas procesales que instrumentan el juicio rápido, no estamos inexorablemente atados a las interpretaciones que haya hecho el Tribunal Supremo Federal. Se ha reconocido que los estados pueden fijar cuál es su definición de juicio rápido, siempre que sean consecuentes con ciertas normas federales mínimas.

Pueblo v. Arcelay Galán, 102 D.P.R. 409, 413 (1974). Sin embargo, este tribunal ya había adoptado la normativa de Griffith v. Kentucky, supra, aun en casos en que se interpretaban derechos constitucionales de Puerto Rico. Véase, Pueblo v. González Cardona, supra.

En Griffith v. Kentucky, supra, el Tribunal Supremo de Estados Unidos descartó la excepción que estaba vigente hasta entonces, de no aplicar las nuevas normas jurisprudenciales de rango constitucional si representaban una clara ruptura con el pasado. Véase, United States v. Johnson, supra. El Ministerio Público nos solicita que preservemos esa excepción en Puerto Rico. Sin embargo, no vemos razón para mantener una excepción que ha sido descartada porque, entre otras cosas, promueve la desigualdad entre partes que están ubicadas en posiciones similares. Griffith v. Kentucky, supra, págs. 327-328.

Incluso, sin entrar en la discusión sobre la retroactividad de la norma judicial, este Tribunal ya ha aplicado la norma de Pueblo v. Camacho Delgado, supra, a casos que estaban pendientes de resolución al momento de publicarse la opinión. Por ejemplo, en Pueblo v. Pérez Pou, supra, resolvimos que la desestimación por violación a los términos de juicio rápido no interrumpió el término prescriptivo de la acción penal. La decisión utilizó a Pueblo v. Camacho Delgado, supra, para sustentar que la desestimación bajo la Regla 64(n), supra, dio por

terminada la primera acción penal contra el señor Pérez Pou.

El Ministerio Público nos pide que distingamos a Pueblo v. Pérez Pou, supra, del caso de epígrafe. Destaca que el señor Pérez Pou había presentado oportunamente la moción para desestimar la segunda acusación, a pesar de que en ese momento no se había resuelto Pueblo v. Camacho Delgado, supra. No nos convence el argumento. Ignora la injusticia que constituye el que a un acusado se le procese con la aplicación de una regla que ya ha sido declarada contraria a derecho.

Más recientemente, en Pueblo v. Rivera Vázquez, Op. de 26 de enero de 2010, 2010 T.S.P.R. 8, 2010 J.T.S. 18, 177 D.P.R. ___ (2010), concluimos que no era aplicable la norma de Pueblo v. Camacho Delgado, supra, al caso por tratarse de una desestimación bajo la Regla 64(p) de Procedimiento Criminal, 34 L.P.R.A. Ap. II, y no bajo la Regla 64(n). Sin embargo, en la Opinión utilizamos la nueva norma jurisprudencial como parte del análisis. No descartamos su aplicación por razones de retroactividad.

Tanto en Pueblo v. Pérez Pou, supra, como en Pueblo v. Rivera Vázquez, supra, los hechos ocurrieron antes de que se decidiera Pueblo v. Camacho Delgado, supra. Ambos casos se encontraban en medio del proceso judicial, sin que hubiera advenido sentencia final y firme al momento de publicarse nuestra opinión.

Por último, el Ministerio Público reclama que el peticionario presentó la moción de desestimación tardíamente. Arguye que, como la moción de desestimación no se presentó antes del juicio, la validez de la nueva acusación pasó a ser "final y firme". Alegato de la Procuradora General, pág. 21.

Para instrumentar la desestimación en este caso pueden ser aplicables varios de los incisos de la Regla 64 de Procedimiento Criminal, 34 L.P.R.A. Ap. II, según solicitó el peticionario. Específicamente, pueden invocarse el inciso (b), que viabiliza la desestimación cuando el tribunal carece de jurisdicción para conocer del delito; el inciso (i), porque el fiscal carecía de autoridad para presentar la acusación; y el inciso (p), porque se presentó la acusación sin que se hubiere determinado causa probable por un magistrado. En todos esos incisos, la Regla 63, 34 L.P.R.A. Ap II, y la Regla 64, supra, permiten la presentación tardía de la moción, por causa justificada. Entendemos que el hecho de que Pueblo v. Camacho Delgado, supra, se decidiera una vez terminó el desfile de prueba por parte de la fiscalía, constituye causa justificada.

Todo lo anterior nos obliga a concluir que procede la aplicación de la norma que establecimos en Pueblo v. Camacho Delgado, supra, porque al día de publicarse nuestra Opinión, el 27 de octubre de 2008, no había

recaído una sentencia final y firme en el caso que ahora nos ocupa.

## V

Por los fundamentos antes señalados, se revoca la decisión del Tribunal de Apelaciones, Región Judicial de Bayamón, y se ordena la desestimación del caso contra el señor Thompson Faberllé.

Se dictará Sentencia de conformidad.


RAFAEL L. MARTÍNEZ TORRES
Juez Asociado

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

El Pueblo de Puerto Rico

     Recurrido

       v.

                      CC-2009-409

William Thompson Faberllé

     Peticionario

SENTENCIA

En San Juan, Puerto Rico, a 30 de diciembre de 2010.

       Por los fundamentos expuestos en la Opinión que antecede, la cual se hace formar parte integrante de la presente Sentencia, se revoca la decisión del Tribunal de Apelaciones, Región Judicial de Bayamón, y se ordena la desestimación del caso contra el señor Thompson Faberllé.

       Lo acordó y manda el Tribunal y certifica la Secretaria del Tribunal Supremo. La Juez Asociada señora Rodríguez Rodríguez disiente sin opinión escrita.

                    Aida Ileana Oquendo Graulau
                 Secretaria del Tribunal Supremo