Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| | | |
|---|---|---|
| EL PUEBLO DE PUERTO RICO<br><br>Peticionario<br><br>Vs.<br><br>BRYAN JOBBY VÁZQUEZ ALVARADO<br><br>Recurrido | KLCE202500214 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de Ponce<br><br>Caso Núm.<br>J LE2024G0351<br>J LE2024G0352<br><br>Sala: 401<br><br>Sobre:<br>Art. 3.3 Ley 54<br>Art. 53-A Ley 57 |

Panel integrado por su presidente, el Juez Pagán Ocasio, la Jueza Martínez Cordero y el Juez Cruz Hiraldo.[1]

Cruz Hiraldo, Juez Ponente

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 14 de mayo de 2025.

Comparece el Procurador General y nos insta a revocar cierta resolución emitida en el caso. Por medio de la resolución recurrida, el foro primario desestimó las acusaciones presentadas contra la parte recurrida, el señor Bryan J. Velázquez Alvarado al amparo de la Regla 64(n)(4) de Procedimiento Criminal, 34 LPRA Ap. II, R. 64(n)(4).

Examinada la solicitud de autos, la totalidad del expediente y el estado de derecho aplicable ante nuestra consideración, *denegamos* el auto de *certiorari*.

*-I-*

El 22 de julio de 2024 la defensa notificó al Ministerio Público cierto descubrimiento de prueba. Entre las solicitudes destacamos la siguiente:

---

[1] Mediante la OATA-2025-070 emitida el 9 de mayo de 2025 se designa al Hon. Ángel R. Pagán Ocasio para entender y votar en este caso en sustitución del Hon. Abelardo Bermúdez Torres.

Además, se solicita una Orden para que se provea a la defensa copia y/o acceso a la nube (icloud) del teléfono móvil de la testigo de cargo y perjudicada Crystal Crouch Figueroa, la cual contiene Evidencia Exculpatoria, según se desprende de su testimonio en la Vista Preliminar, para que pueda ser analizado por un perito de defensa y extraer información y prueba pertinente para una defensa adecuada del señor Bryan Jobby Velázquez Alvarado.

En la vista en su fondo del 6 de agosto de 2024 compareció el acusado acompañado de su representante legal, el Ministerio Público y los testigos de cargo. El tribunal concedió 10 días al Ministerio Público para contestar el descubrimiento de prueba notificado por la defensa y reseñaló la vista para el 9 de septiembre de 2024. En la vista de juicio del 9 de septiembre de 2024 la defensa informó al tribunal sobre la falta de contestación del Ministerio Público sobre el descubrimiento de prueba cursado. El foro primario concedió 5 días al Ministerio Público para presentar la contestación al descubrimiento de prueba. El 18 de septiembre de 2024 el Ministerio Público presentó la contestación ordenada, pero no incluyó la información requerida por la defensa para extraer evidencia de la "nube" de datos de la perjudicada.

El 3 de octubre de 2024 la parte recurrida presentó un escrito en cumplimiento de orden mediante el cual expresó su parecer sobre las contestaciones del Ministerio Público al descubrimiento de prueba. Destacamos el párrafo número 5 de la moción:

> [E]l Tribunal no se ha expresado con relación a la solicitud que hiciera la defensa en su moción al amparo de la Regla 95 a los efectos de que se nos provea una orden para tener copia y/o acceso a la nube (icloud) del teléfono de la querellante Crystal Crouch Figueroa, la cual contiene evidencia exculpatoria consistente en videos, según se desprende de su testimonio en la vista preliminar. Tampoco se ha expresado con relación a la solicitud de Orden realizada mediante el mismo escrito por la defensa el 22 de julio de 2024 para el cual también se acompañó un proyecto de orden.

El recurrido solicitó al tribunal una orden al Ministerio Público con el propósito de poner a disposición de la defensa los videos solicitados. El 3 de octubre de 2024 el tribunal celebró la continuación de la vista en su fondo, en la cual ordenó al Ministerio Público a "replicar" la solicitud de la defensa. El 7 de octubre de 2024 el Ministerio Público cumplió con la orden del tribunal. Sobre el asunto de los videos adujo:

> [E]l Ministerio Público se opone a lo solicitado, debido a que permitir lo que la defensa pretende que se le permita [sic], tener acceso al iCloud de la señora perjudicada, es una intromisión indebida al derecho a la intimidad de la perjudicada, ya que se lograría acceso a todo el contenido de su celular privado.

> Que además la señora Crystal Crouch, está impedida de suministrar ninguna información relacionada a su celular, debido a que el acusado, el día de los hechos le arrebató su celular y dejó desprovista del mismo. Por tanto, desconocemos el contenido de éste. Hasta antes del hecho, anteriormente mencionado, el mismo no contenía prueba exculpatoria alguna.

El 23 de octubre de 2024 la defensa presentó su posición sobre lo expresado por el Ministerio Público. En suma, aseveró solo querer examinar los videos del 7 y 8 de febrero de 2024. La defensa aseguró que, su petición está fundamentada en la declaración jurada provista por la perjudicada en la vista preliminar y el testimonio que ofreció en la vista. Alegó que, los videos muestran el momento en el cual la perjudicada agredió al acusado. El mismo día el tribunal declaró "ha lugar" la solicitud de la defensa, y ordenó a la defensa a "[p]resentar orden específica sobre los días y horas relacionadas al evento y perito o profesional que hará lo solicitado".

En la vista del 28 de octubre de 2024 las partes argumentaron sobre la procedencia de la petición de los videos. El Ministerio Público alegó que, la perjudicada no tenía posesión del teléfono móvil donde quedaron grabados los videos, tampoco eran pertinentes a la defensa, y la nube de datos de la perjudicada no contenía los videos. El tribunal ordenó a la defensa informar el

nombre del perito que examinaría los datos contenidos en la nube de la perjudicada, y señaló una conferencia con antelación al juicio para el 7 de noviembre de 2024. El 1 de noviembre de 2024 la defensa cumplió con la orden del tribunal, presentó el proyecto de orden solicitado e informó el nombre del perito. En la vista con antelación al juicio el tribunal concedió 3 días al Ministerio Público para cumplir con la solicitud de la defensa, y en igual plazo ordenó a la defensa a presentar el *curriculim vitae* del perito anunciado. El tribunal señaló juicio para el 10, 27 y 18 de diciembre de 2024.

El 7 de noviembre de 2024, el Ministerio Público solicitó reconsideración a la orden del tribunal. Argumentó que, los videos no están en el dispositivo móvil de la perjudicada y catalogó de expedición de pesca el examen de los datos contenidos en la nube. El 14 de noviembre de 2024 el tribunal concedió 2 días a la defensa para replicar la moción de reconsideración. El mismo día, la defensa presentó las credenciales profesionales del perito y expresó que según el perito el examen e informe del perito tomarían alrededor de una semana y:

> [El] perito requiere una orden de acceso a la nube (icloud) del teléfono móvil de la testigo de cargo la Sra. Crystal Crouch Figueroa y la aplicación "Find My Iphone" para la fecha de 7 de febrero de 2024, incluyendo los códigos de acceso que serán remitidos automáticamente a la testigo de cargo cuando se intente ingresar.
>
> Es decir, se requiere un correo electrónico, "username" y "password" para la cuenta de "Icloud" y "Find My Iphone" de la señora Crystal Crouch Figueroa para la fecha del 7 de febrero de 2024 y todo código de acceso para poder accesar ambas aplicaciones.
>
> Además, se informa que el Ministerio Público no produjo ni el correo electrónico, ni el password para acceder a la nube, ni a la aplicación Find My Iphone según ordenase el Tribunal el pasado 23 de octubre de 2024.

En su réplica a la reconsideración solicitada, la defensa expresó que contrató un perito para obtener los videos solicitados del *iCloud* de la perjudicada. Agregó que, del propio testimonio de la perjudicada en la vista preliminar surge que, grabó el incidente en su celular. Catalogó los videos como prueba exculpatoria

porque muestran el momento cuando la perjudicada agredió al acusado y también al hijo de ambos. También solicitó verificar los datos recopilados por la aplicación *Find My IPhone*. El 25 de noviembre de 2024 el tribunal ordenó a la perjudicada a suministrar acceso a la nube para la fecha del 7 de febrero de 2024 y el nombre de usuario y contraseña para la cuenta de *iCloud* y *Find My Iphone*. Por último, la perjudicada debería estar disponible los días del 2 al 6 de diciembre de 2024 para permitir al perito entrar a la base de datos y examinar la información del día de los hechos. El Ministerio Público no cumplió con la orden del tribunal más bien presentó un escrito donde alegó que, la perjudicada no poseía el nombre de usuario y contraseña para ambas aplicaciones. El acusado compareció y expresó que según su perito la información podía ser obtenida sin el nombre de usuario y contraseña.

Finalmente, en la vista del juicio del 10 diciembre de 2024 las partes argumentaron nuevamente sobre el asunto, el tribunal expresó que ordenaría a la perjudicada a proveer el correo electrónico asociado a las cuentas de las aplicaciones para así recuperar el nombre de usuario y contraseña de las cuentas. El tribunal destacó la desobediencia del Ministerio Público con la orden del 25 de noviembre de 2024 en cuanto a proveer el nombre de usuario y contraseña para entrar a la cuenta de datos de la perjudicada. El Ministerio Público objetó la solicitud de descubrimiento de prueba, y reiteró que, la perjudicada no posee la contraseña o el nombre de usuario.

El foro primario hizo constar que los videos fueron mencionados por la perjudicada como parte de una etapa anterior, y que hay maneras para recuperar el nombre de usuario y contraseña. El tribunal expresó que, lo único necesario es la disponibilidad de la perjudicada para el perito hacer su trabajo. El

tribunal ordenó al Ministerio Público a proveer el correo electrónico relacionado a las cuentas de *iCloud* y *Find My IPhone*. El Ministerio Público contestó que debía consultar con la perjudicada ya que, la orden del 25 de noviembre de 2024 no ordenaba informar el correo electrónico asociado a las cuentas. Destacamos en este punto el contenido de la orden del 25 de noviembre de 2024:

> Ministerio Público proveer la información solicitada en los próximos tres (3) días, en cuanto [al] acceso a la nube y aplicación "Find My Iphone" de la Sra. Crystal Crouch Figueroa, según ordenado.
>
> A: Crystal Crouch Figueroa
>
> 1. Suministre a la defensa el acceso a la nube (Icloud) de su móvil para la fecha de 7 de febrero de 2024, y de la aplicación "Find My Iphone" para la misma fecha.
>
> 2. ***Brinde a la Defensa el correo electrónico***, **el "username" y el "password" para su cuenta "Icloud" y "Find My Iphone" para la fecha de 7 de febrero de 2024**.
>
> 3. Deberá estar disponible la semana del 2 al 6 de diciembre de 2024 para autorizar acceso a dichas aplicaciones. (Énfasis suplido.)

El tribunal expresó que, emitiría una nueva orden a la perjudicada para obtener el correo electrónico. La defensa adujo haber escrito varios correos electrónicos para cumplir con el descubrimiento, pero no recibió respuesta del Ministerio Público. La defensa solicitó la desestimación de las causas contra el acusado debido a la expiración del término de 120 para celebrar el juicio en su fondo. El Ministerio Público expresó auscultar con la perjudicada la petición del correo electrónico y que tenía intenciones de recurrir de la orden del tribunal. Reafirmó que no puede proveer lo que no tiene.

El tribunal procedió a celebrar una vista evidenciaria sobre la desestimación solicitada por la defensa. En ese momento el Ministerio Público proveyó a la defensa el correo electrónico solicitado en la orden del 25 de noviembre de 2024. El tribunal procedió a examinar bajo juramento a la perjudicada en cuanto al

correo electrónico, y posibles fechas para reunirse con el perito. Luego de un receso, el Ministerio Público informó que, no está en posición de ofrecer fechas de disponibilidad de la perjudicada pues tiene la intención de recurrir de la orden del tribunal. Las partes argumentan a favor y contra de la procedencia de la desestimación. El tribunal desestimó la acusación, basado en la infracción a la Regla 64(n)(4) de Procedimiento Criminal.

El Ministerio Público comparece ante este tribunal apelativo y aduce la comisión de los siguientes errores:

> El Tribunal de Primera Instancia incidió al desestimar las acusaciones del presente caso sin haber celebrado una vista evidenciaria que cumpliera los requisitos dispuestos en la Regla 64 de Procedimiento Criminal.

> El Tribunal de Primera Instancia erró en derecho al desestimar las acusaciones sin tomar en cuenta la Defensa consintió a la extensión de los términos de juicio rápido tras no oponerse al señalamiento de juicio para una fecha que excede el término de [120] días dispuesto en la Regla (n)(4) de Procedimiento Criminal.

La parte recurrida también comparece mediante alegato escrito y aboga por la confirmación de la resolución recurrida. Procedemos a resolver con el beneficio de la comparecencia de las partes, y del derecho aplicable.

*-II-*

*-A-*

El auto de *certiorari* es un remedio discrecional que permite a un tribunal apelativo revisar las determinaciones del tribunal recurrido. *Medina Nazario v. McNeil Healthcare LLC*, 194 DPR 723, 728 (2016); *IG Builders et al v. BBVAPR*, 185 DPR 307, 337 (2012). A diferencia de una apelación, la expedición del auto de *certiorari* es discrecional. *Rivera Figueroa v. Joe's European Shop*, 183 DPR 580, 596 (2011). La Regla 40 del Reglamento del Tribunal de Apelaciones establece los criterios a tomar en consideración al atender una solicitud de expedición de un auto de *certiorari*.

La discreción "es el más poderoso instrumento reservado a los jueces". *Rodríguez v. Pérez,* 161 DPR 637, 651 (2004); *Banco Metropolitano v. Berríos,* 110 DPR 721, 725 (1981). La discreción es "la facultad que tiene [el tribunal] para resolver de una forma u otra, o de escoger entre varios cursos de acción". *Citibank et al. v. ACBI et al.,* 200 DPR 724, 735 (2018); *García López y otro v. E.L.A.,* 185 DPR 371 (2012). La discreción que cobija "al Tribunal de Primera Instancia en sus determinaciones discrecionales es amplia, por lo que sus decisiones merecen gran deferencia". *Citibank et al. v. ACBI et al., supra,* pág. 735. Este tribunal no intervendrá "con determinaciones emitidas por el foro primario y sustituir el criterio utilizado por dicho foro en el ejercicio de su discreción, salvo que se pruebe que dicho foro actuó con prejuicio o parcialidad, incurrió en craso abuso con el ejercicio de la discreción, o que incurrió en error manifiesto". *Íd.,* pág. 736. Véase, además, *Trans-Oceanic Life Ins. v. Oracle Corp.,* 184 DPR 689, 709 (2012); *Lluch v. España Service Sta.,* 117 DPR 729, 745 (1986).

### *-B-*

La Constitución del Estado Libre Asociado de Puerto Rico, en la Sección 11 del Artículo 2, y la Constitución de los Estados Unidos, en la Sexta Enmienda, protegen el derecho de los acusados a tener un juicio rápido. Art. II, Sec. 11 Const. ELA [Const. PR], LPRA, Tomo 1; Emda. VI, Const. EE. UU., LPRA, Tomo 1. La Regla 64(n) de Procedimiento Criminal establece el alcance de este derecho en varias etapas del proceso penal entre el arresto y el juicio. La regla codifica los plazos para celebrar vista preliminar a partir del arresto, para presentar la acusación, para celebrar la vista de causa probable para arresto en alzada, para celebrar la vista preliminar en alzada y, más importante aún por su

pertinencia, para comenzar el juicio. En lo pertinente la Regla 64 de Procedimiento Criminal establece:

> La moción para desestimar la acusación o denuncia, o cualquier cargo de las mismas sólo podrá basarse en uno o más de los siguientes fundamentos:
>
> [...]
>
> (n) Que existen una o varias de las siguientes circunstancias, a no ser que se demuestre justa causa para la demora o a menos que la demora para someter el caso a juicio se deba a la solicitud del acusado o a su consentimiento:
>
> [...]
>
> (4) Que el acusado no fue sometido a juicio dentro de los ciento veinte (120) días siguientes a la presentación de la acusación o denuncia.

La Regla también dispone:

> Se dispone que el tribunal no podrá desestimar una acusación o denuncia, bajo este inciso, sin antes celebrar una vista evidenciaria. En la vista, las partes podrán presentar prueba y el tribunal considerará los siguientes aspectos:
>
> > (1) Duración de la demora;
> >
> > (2) razones para la demora;
> >
> > (3) si la demora fue provocada por el acusado o expresamente consentida por éste;
> >
> > (4) si el Ministerio Público demostró la existencia de justa causa para la demora, y
> >
> > (5) Los perjuicios que la demora haya podido causar.
>
> Una vez celebrada la vista, el magistrado consignará por escrito los fundamentos de su determinación, de forma tal que las partes tengan la oportunidad efectiva y objetiva de evaluar, si así lo solicitan, la reconsideración o revisión de dicha determinación.

Los tribunales están obligados a examinar si existió justa causa para la demora que llevó al reclamo del acusado o si la dilación se debió a la solicitud del acusado o a su consentimiento. *Pueblo v. Santa Cruz,* 149 DPR 223, 238 (2015). El derecho a un juicio rápido requiere que se tomen en cuenta las circunstancias que rodean cada reclamo particular. *Íd.,* págs. 238-239. La evaluación debe ser caso a caso. *Pueblo v. Rivera Colón,* 119 DPR

315, 322 (1987). Ante un reclamo de violación a los términos de juicio rápido, el peso de demostrar la justa causa– así como la influencia del acusado sobre la dilación o su renuncia a su derecho – recae sobre el Ministerio Público. *Pueblo v. Santa Cruz, supra*, pág. 239.

### *-III-*

El 10 de julio de 2024 comenzó a correr el plazo a juicio rápido reclamado por la parte recurrida, y culminó el 7 de noviembre de 2024. Contrario a lo postulado por la parte peticionaria, el tribunal recurrido celebró una vista de evidenciaria donde las partes tuvieron oportunidad de argumentar, y presentar prueba a favor de sus respectivas posturas. Aunque el foro primario tituló la vista una de "necesidad", tal hecho no desvirtúa la esencia del procedimiento. El acusado reclamó su derecho, el tribunal procedió a inquirir las razones para la demora, y los perjuicios causados por la tardanza. Así quedó satisfecho el debido proceso de ley requerido por la casuística ante un reclamo de infracción a un plazo de juicio rápido. Por tanto, no fue cometido el primer error.

Sobre el segundo error planteado por la Recurrente, determinamos que el tribunal recurrido y la defensa fueron diligentes en promover la culminación del descubrimiento de prueba y así propiciar la celebración del juicio dentro del plazo de 120 días dispuesto por las reglas de procedimiento criminal. Nuestra conclusión está cimentada en la celeridad en las actuaciones tanto del tribunal como la defensa, el primero al emitir órdenes con el propósito de facilitar y acelerar el procedimiento. El otro al cumplir con todas las órdenes del tribunal, mantener el tribunal informado del proceso y recurrir oportunamente al tribunal en busca de una solución al conflicto evidenciario

provocado por la falta de cooperación y diligencia del Ministerio Público, dicho error por ende tampoco fue cometido.

Sabido es que "juicio rápido" es un concepto constitucional cuyo contenido no está del todo determinado; es, en parte, variable y flexible, capaz de ajustarse a las exigencias de cada caso. Véase, *Pueblo v. Arcelay Galán*, 102 DPR 409 (1974). Notamos que, el tribunal y la defensa mostraron una actitud flexible ante las diferentes excusas presentadas por el Ministerio Fiscal para impedir el descubrimiento de prueba solicitado. Inclusive, la defensa contrató un perito para examinar el contenido de la base de datos para el día de los hechos, el tribunal aseguraría que el procedimiento fuera preciso y pertinente en protección a los derechos de la perjudicada.

En contradicción a la actitud cooperadora demostrada por la defensa, percibimos contradicciones y excusas increíbles presentadas por el Ministerio Público para incumplir con las órdenes del tribunal. Primero el dispositivo móvil estaba en manos del acusado, la nube no contiene datos, los videos no existen, la perjudicada no tiene la contraseña, y tampoco quiso proveer su correo electrónico para recuperar la contraseña correspondiente a las aplicaciones que potencialmente contienen prueba exculpatoria. Entonces, el Ministerio Público asegura que, tal prueba no es exculpatoria esto a pesar de que aseguró la inexistencia de tales videos. Conforme expresado por el tribunal, la propia perjudicada mencionó los videos en una etapa anterior del procedimiento, pero ahora la perjudicada asevera que tales videos no existen.

La determinación de lo que constituye justa causa bajo la Regla 64(n) de las de Procedimiento Criminal es por necesidad un problema de definición a realizarse caso a caso y a la luz de la totalidad de las circunstancias. Véase, O.E. Resumil,

*Reglamentando la institución de la vista preliminar*, 70 (Núm. 2) Rev. Jur. U.P.R. 601, 653–654 (2001). Para que el motivo de una demora constituya justa causa, debe estar enmarcado dentro de parámetros de razonabilidad. *Pueblo v. Rivera Colón*, 119 DPR 315 (1987). Una vez el acusado de delito reclama oportunamente una violación a los términos estatuidos en la Regla 64(n) de Procedimiento Criminal, el Ministerio Público tiene el peso de demostrar: (1) la existencia de una causa justificada para la demora; (2) la renuncia expresa, voluntaria y con pleno conocimiento de este derecho por parte del imputado; o que, (3) el imputado ha sido el causante de la tardanza. Ninguna de las anteriores quedó demostrada en la vista evidenciaria celebrada por el foro primario.

Con la invocación del derecho a juicio rápido, se activó la necesidad de que el tribunal de primera instancia efectuara el balance de los factores antes mencionados. En el ejercicio de esa delicada tarea, el tribunal recurrido determinó que no hubo justa causa para no haber celebrado el juicio dentro del término dispuesto para ello. De los hechos ante nuestra consideración, no surge controversia alguna sobre la falta de diligencia del ministerio público con obedecer las órdenes del tribunal. La inobservancia del Ministerio Público y demora injustificada en cumplir con el descubrimiento de prueba entorpeció la defensa del acusado.

Un examen sosegado de la determinación recurrida no arroja error alguno que amerite nuestra intervención. No surge de los autos que el foro primario incurriera en error, prejuicio, parcialidad o abuso de su discreción. El foro primario cumplió con la normativa vigente aplicable a los términos de juicio rápido en las causas penales. Analizó las circunstancias del caso con especial atención a la justa causa aducida por el Ministerio Público.

En correcta práctica adjudicativa apelativa, a la luz de los criterios esbozados en la Regla 40 del Reglamento del Tribunal de Apelaciones, resolvemos abstenernos de ejercer nuestra función revisora discrecional y rechazar intervenir con la determinación del tribunal primario. Resulta forzoso concluir que, no procede expedir el auto de *certiorari* solicitado.

### *-IV-*

Por los fundamentos pormenorizados, los que hacemos formar parte de este dictamen, *denegamos* la expedición del auto de *certiorari* solicitado.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda.  Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones